Daniel Prieto, State Bar No. 24048744
dan.prieto@dlapiper.com
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: (214) 743-4500
Fax: (214) 743-4545

*Counsel for the Debtors*

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501

Daniel M. Simon (admitted *pro hac vice*)
daniel.simon@dlapiper.com
David Avraham (admitted *pro hac vice*)
david.avraham@dlapiper.com
Tara Nair (admitted *pro hac vice*)
tara.nair@dlapiper.com
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: (312) 368-4000
Fax: (312) 236-7516

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**EMERGENCY MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
APPROVING APPOINTMENT OF MEDIATOR TO MEDIATE
ISSUES RELATED TO A CHAPTER 11 PLAN OF REORGANIZATION**

The above-captioned debtors (collectively, the "Debtors"), by and through their counsel, DLA Piper LLP (US), hereby submit this emergency motion (the "Motion"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, appointing a mediator to mediate issues related to the *Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

EAST\166247218

*Code* [Docket No. 155] (as it may be further amended, the "Plan"). In support of this Motion, the Debtors respectfully state as follows:

## INTRODUCTION

1. The Debtors commenced these chapter 11 cases to address the looming maturity of certain unsecured 5.25% senior notes in the amount of $500 million and to otherwise strategically restructure their prepetition debt obligations while continuing their operations largely uninterrupted. In furtherance of that effort, on April 1, 2019, the Debtors filed the Plan, which provides for a comprehensive financial restructuring of the Debtors and much needed balance-sheet relief from an unsustainable debt load, with the goal of ensuring the Debtors' continued existence as a successful and profitable global helicopter transportation services provider. Among other things, the Plan (i) substantially de-levers PHI, Inc.'s balance sheet; (ii) provides for the issuance of new common stock to holders of certain secured and unsecured claims; (iii) provides for a $70 million equity investment opportunity through a rights offering; and (iv) creates the opportunity for the Debtors to secure a new asset-backed credit facility in an amount not to exceed $150 million.

2. The Debtors have been and are currently in active discussions with key stakeholders, including Blue Torch Capital, LP ("Blue Torch"), Thirty Two, L.L.C. ("Thirty Two") and many of the Debtors' helicopter lessors, about the proposed Plan. To date, however, the Debtors have been unable to engage in any negotiations with the Official Committee of Unsecured Creditors (the "Committee"). To meet their fiduciary duties to their estates and preserve the value of their business, the Debtors desire to meaningfully engage with the Committee and other stakeholders regarding plan issues that hopefully will result in the parties reaching a global resolution.

3. Accordingly, the Debtors believe that it is in the best interest of their estates to seek the appointment of a mediator to facilitate discussions, negotiations and resolution among the key stakeholders of plan issues. In the Debtors' view, it is critical that any mediation occur against the backdrop of the plan process, including disclosure statement approval, plan solicitation, and plan confirmation. The Debtors believe that parallel paths for mediation and confirmation, rather than a serial process, are necessary to ensure that the confirmation process is not delayed while the parties attempt to resolve their differences. Any delay places additional pressure on the Debtors' businesses and employees, which have, overall, performed well notwithstanding the challenges presented by these chapter 11 cases. In addition, commencing a mediation while the confirmation process is ongoing significantly enhances the likelihood of its success.

4. The Committee has indicated that it is willing to participate in mediation regarding the Plan. The Debtors and the Committee are currently engaged in discussions regarding the details of the mediation, including the selection of a mediator. The Debtors request, and the Committee agrees, that the Court address any areas of disagreement between the parties regarding the process for the mediation at the hearing on this Motion.[2]

## JURISDICTION AND VENUE

5. This Court has jurisdiction over these cases, the Debtors, the property of the Debtors' estates and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

---

[2] The matters currently set for hearing on April 29, 2019, including the Debtors' motion to approve the Key Employee Incentive Plan [Docket No. 108], the Debtors' application to employ Houlihan Lokey [Docket No. 102] and the Committee's motion to adjourn the Disclosure Statement [Docket No. 268] are **not** impacted by this Motion, and those matters are still scheduled to go forward on April 29, 2019.

6. Venue of these cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein is section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9014-1(d) and 9019-2 of the Local Rules for the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

## BACKGROUND

8. On March 14, 2019 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. On March 25, 2019, the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee") appointed the Committee under section 1102(a)(1) of the Bankruptcy Code [D.I. 129]. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

10. On April 1, 2019, the Debtors filed the Plan and the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 156].

## RELIEF REQUESTED AND BASIS THEREOF

11. By this Motion, the Debtors seek entry of an order appointing a mediator to mediate issues related to the Plan among the "relevant key stakeholders." The Debtors believe the "relevant key stakeholders" that should be required to participate other than the Debtors, are the Committee and Thirty Two, both of which have indicated that they willing to participate in the mediation. The Debtors further believe that the parties that can participate in the mediation to the extent they are willing are Blue Torch and Delaware Trust Company.

12. Local Rule 9019-2 provides that this Court, "either *sua sponte* or upon the motion of any party or party in interest, may order parties to participate in mediation and may order the parties to bear expenses in such proportion as the [Court] finds appropriate." In addition, Local

Rule 9014-1(d) specifically contemplates that parties to a contested matter engage in "good faith settlement discussions" before any evidentiary hearing. L.B.R. 9014-1(d). Finally, section 105 of the Bankruptcy Code provides that this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Thus, this Court has the power to appoint a meditator.

13. For the reasons stated above, the Debtors believe that appointing a mediator to mediate plan issues will enhance the prospects of a consensual reorganization. Although significant progress has been made with the Debtors' helicopter lessors, and certain of the Debtors' other key stakeholders have expressed a willingness to support the reorganization structure contemplated by the Debtors' proposed Plan, the Debtors and the Committee have yet to meaningfully engage in discussions regarding issues related to the Plan.

14. The Debtors believe that a neutral, third-party mediator can assist the Debtors and their key constituents, including the Committee, in working through plan issues. And, as stated previously, the Debtors believe that any mediation should not delay these cases but instead should proceed in parallel with the confirmation process. Indeed, this has been the successful path in other complex chapter 11 cases. *See, e.g., In re Quiksilver, Inc.*, Case No. 15-11880 (BLS) (Bankr. D. Del.) (successful mediation of plan valuation dispute on eve of confirmation trial, resulting in a largely uncontested plan confirmation hearing); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del.) (successful mediation of plan of reorganization issues conducted in parallel with disclosure statement and confirmation process, ultimately resulting in settlements with multiple stakeholders during confirmation hearing process); *In re Longview Power, LLC*, Case No. 13-12211 (BLS) (Bankr. D. Del.) (successful mediation of material litigation during ongoing solicitation, resulting in a global settlement that paved the way for

uncontested plan confirmation); *In re Cengage Learning, Inc.*, Case No. 13-44106 (ESS) (Bankr. E.D.N.Y.) (successful mediation of key confirmation issues during ongoing plan solicitation).

15. The Debtors and the Committee are currently in discussions regarding the selection of a mediator and the process for the mediation. The Debtors request that the Court address any issues the parties are unable to resolve regarding the mediation at the hearing on this Motion.

## NOTICE

16. Notice of this Motion shall be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to Blue Torch; (d) counsel to Delaware Trust Company, in its capacity as indenture trustee under the 5.25% unsecured notes; (e) counsel to Thirty Two, L.L.C.; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) any party that has requested notice under Bankruptcy Rule 2002; and (i) any other party in interest entitled to notice of this Motion. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting: (i) the relief requested in this Motion; and (ii) such other and further relief to the Debtors as the Court may deem proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 26, 2019
Dallas, Texas

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Daniel Prieto*
Daniel Prieto, State Bar No. 24048744
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: (214) 743-4500
Fax: (214) 743-4545
Email: dan.prieto@dlapiper.com

-and-

Thomas R. Califano (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
Email: thomas.califano@dlapiper.com

-and-

Daniel M. Simon (admitted *pro hac vice*)
David Avraham (admitted *pro hac*)
Tara Nair (admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: (312) 368-4000
Fax: (312) 236-7516
Email: daniel.simon@dlapiper.com
         david.avraham@dlapiper.com
         tara.nair@dlapiper.com

*Counsel to the Debtors*