

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 24, 2019**

United States Bankruptcy Judge

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) DETERMINING DATES,
PROCEDURES, AND FORMS APPLICABLE TO SOLICITATION PROCESS,
(III) ESTABLISHING VOTE TABULATION PROCEDURES,
AND (IV) ESTABLISHING OBJECTION DEADLINE AND
SCHEDULING PLAN CONFIRMATION HEARING**

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors") for entry

of an order (this "Order") (i) approving the *Disclosure Statement for the Debtors' Third Amended*

*Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may

be amended, supplemented or modified from time to time, the "Disclosure Statement"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

(ii) determining dates, procedures, and forms applicable to the solicitation process, (iii) establishing vote tabulation procedures, and (iv) establishing an objection deadline and scheduling a hearing to consider confirmation of the *Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 687] (as may be amended, supplemented or modified from time to time, the "Plan"), all as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and held a hearing on the Motion on June 18, 2019; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.     Notice of the Motion and the deadline for filing objections thereto provides due, proper, and adequate notice, comports with due process and complies with Bankruptcy Rules 2002 and 3017 and no further notice is required.

B.     The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

C.     The forms of the ballots attached to this Order as **Exhibits 1-A, 1-B, 1-C, 1-D,**

**1-E, 1-F, and 1-G** (together, the "Ballots") (i) are sufficiently consistent with Official Form No. 314, (ii) adequately address the particular needs of these chapter 11 cases, and (iii) are appropriate for the Classes of Claims and Interests entitled to vote to accept or reject the Plan.

D.       The Non-Voting Notices attached to this Order as **Exhibits 2-A and 2-B** contain sufficient information and are appropriate and comply with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and provides adequate notice to non-voting creditors and interest holders of their non-voting status.

E.       The Confirmation Hearing Notice attached to this Order as **Exhibit 3** contains sufficient information and is appropriate and complies with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and provides adequate notice.

F.       The form of Citizenship Declaration attached to this Order as **Exhibit 4** is hereby approved.

G.       The Solicitation Procedures and the Tabulation Procedures provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.       The Confirmation Procedures and the contents of the Solicitation Package comply with Bankruptcy Rules 2002 and 3017, and constitutes sufficient notice to all interested parties, including of the Voting Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and other related matters.

    **THEREFORE, IT IS HEREBY ORDERED THAT:**

1.       The Motion is granted as set forth herein.

2.       Under Bankruptcy Rule 3017(b), the Disclosure Statement is approved as containing adequate information within the meaning of section 1125(a) of the Bankruptcy Code,

and the Debtors are authorized to distribute the Disclosure Statement and Solicitation Package in order to solicit votes on, and pursue confirmation of, the Plan.

3.       The following dates and deadlines are hereby approved:

| Event | Date |
|---|---|
| Voting Record Date | June 18, 2019 |
| Solicitation Commencement Date | Within three (3) business days following entry of this Order |
| Rule 3018(a) Motion Deadline | July 9, 2019 at 5:00 p.m. CDT |
| Voting Deadline | July 19, 2019 at 5:00 p.m. CDT |
| Plan Objection Deadline | July 19, 2019 at 5:00 p.m. CDT |
| Deadline to File Confirmation Brief and Replies to Objections | July 26, 2019 |
| Deadline to File Voting Report | July 29, 2019 |
| Confirmation Hearing | July 30, 2019 at 9:00 a.m. CDT |

**A.       Solicitation Package**

4.       No later than three (3) business days after entry of this Order (the "Solicitation Commencement Date"), the following materials (collectively, the "Solicitation Package") shall be distributed by or on behalf of the Debtors to each beneficial holder of record of a claim and/or interest entitled to vote on the Plan:

    a.   a cover letter describing the contents of the Solicitation Package;
    b.   the Disclosure Statement, together with all exhibits thereto (which exhibits include the Plan);[3]
    c.   the order approving the Disclosure Statement (without exhibits thereto);
    d.   the Confirmation Hearing Notice (as defined below);
    e.   an appropriate ballot, including voting instructions;
    f.   a pre-addressed stamped return envelope;
    g.   a letter from the Official Committee of Unsecured Creditors recommending that holders of General Unsecured Claims vote to accept the Plan; and
    h.   such other materials as the Court may direct.

---

[3]       The Debtors, in their discretion, may distribute either hard copies of the Disclosure Statement, a CD-ROM or USB Flash Drive containing the Disclosure Statement and all relevant exhibits.

### B. **Ballots**

5.      The Ballots, substantially in the forms attached hereto as <u>Exhibits 1-A, 1-B, 1-C,</u> <u>1-D, 1-E, 1-F, and 1-G,</u> to be distributed to creditors holding claims in Class 2 (Thirty Two Claim), Class 4 (Aircraft Lessor Claims), Class 5 (General Unsecured Claims Other than Unsecured Notes Claims), Class 5 (Unsecured Notes Claims Master Ballot and Beneficial Holder Ballot), Class 6 (Convenience Claims), Class 8 (Subordinated Claims), and Class 10 (Existing PHI Interests Master Ballot, Beneficial Holder Ballot, and Registered Holder Ballot), each entitled to vote on the Plan, are hereby approved.

6.      For the avoidance of doubt, (i) the Debtors shall not distribute the Solicitation Packages (or any Ballots) to the Unsecured Notes Indenture Trustee (as defined in the Plan), (ii) the Unsecured Notes Indenture Trustee is not a Nominee, and (iii) the Unsecured Notes Indenture Trustee shall not be responsible for the distribution, completion, tabulation, or return of any Ballots.

7.      In many instances, certain brokerage firms and banks or their agents (collectively, the "<u>Nominees</u>") hold Claims or Interests in certain of the Debtors rather than the individual holders themselves (collectively, the "<u>Beneficial Holders</u>").  To ensure proper tabulation of votes for such Claims, the Balloting Agent will deliver Solicitation Packages to holders of record as of the Voting Record Date, including Nominees.  Additionally, after delivery of the Solicitation Package to Nominees, the Balloting Agent will distribute Master Ballots to Nominees.  The Ballots for Beneficial Holders will instruct each Beneficial Holder voting on the Plan through a Nominee to return the Beneficial Ballot to the appropriate Nominee in sufficient time for such Nominee to

timely cast votes to accept or reject the Plan on behalf of the Beneficial Holders.  The Balloting Agent will then tabulate each such Ballot received.[4]

### C.    <u>Non-Voting Notices</u>

8.      The Non-Voting Notices, substantially in the forms attached hereto as <u>Exhibits 2-A and 2-B</u>, to be served on those classes of claims that are unimpaired and deemed to accept the Plan or impaired and deemed to reject the Plan and, thus, not entitled to vote to accept or reject the Plan, are hereby approved.

### D.    <u>Citizenship Declaration</u>

9.      The Citizenship Declaration, substantially in the form attached hereto as <u>Exhibit 4</u>, to be served on Class 4 Aircraft Lessor Claims and Class 5 General Unsecured Claims, is hereby approved.

### E.    <u>Voting Deadline</u>

10.     In order to be counted as a vote to accept or reject the Plan, any ballot accepting or rejecting the Plan must be properly executed, completed and delivered so as to be actually received by Prime Clerk LLC, as the Debtors' agent for soliciting votes to accept or reject the Plan and providing related services (the "<u>Voting Agent</u>"), by not later than 5:00 p.m. (CDT) on July 19, 2019 (the "<u>Voting Deadline</u>").

### F.    <u>Voting Tabulation Procedures</u>

11.     Solely for purposes of voting to accept or reject the Plan and not for purposes of allowance or distribution on account of a claim and without prejudice to the rights of the Debtors in any other context, the amount of a claim used to tabulate acceptance or rejection of the Plan shall be either:

---

[4]      Nominees may use their standard internal procedures to disseminate and collect Beneficial Holder ballots in their ordinary course of business.

    a.   the claim amount listed in the Debtors' schedules of liabilities, provided that such claim is not scheduled as contingent, disputed, or unliquidated and that the creditor has not filed a proof of claim; claims scheduled as contingent, unliquidated or disputed for which a proof of claim has not been filed shall vote for numerosity purposes in the amount of $1.00;

    b.   the liquidated amount specified in a proof of claim timely filed with the Court (or otherwise deemed timely filed by the Court under applicable law), to the extent that the proof of claim is not the subject of an objection; or

    c.   the amount temporarily allowed by the Court for voting purposes, under Bankruptcy Rule 3018(a), after notice and a hearing at or before the Confirmation Hearing.

12.    If a voter casts a ballot and the entirety of such creditor's claim is the subject of an objection filed before the Voting Deadline, such voter's ballot shall not be counted.  If a voter casts a ballot and part of such voter's claim is the subject of an objection filed before the Voting Deadline, then such voter's ballot shall be treated as a claim for voting purposes only to the extent of the remaining amount of the claim not subject to any objection.  In either case, if a voter desires to vote in a higher amount, the voter may seek authority from the Court to do so following notice and a hearing, under Bankruptcy Rule 3018(a).

13.    Ballots cast by voters who have filed proofs of claim in contingent, wholly unliquidated**,** or unknown amounts that are not the subject of an objection filed before the Voting Deadline, shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount of $1.00 each.

14.    Any Holder of a Claim for which an objection is pending on Rule 3018(a) Motion Deadline, whether such objection relates to the entire Claim or a portion thereof, shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of Bankruptcy Code Section 1126(c) have been met with respect to the Plan (except to the extent and in the manner as may be set forth in the objection) unless (a) the Claim has been temporarily

allowed for voting purposes under Bankruptcy Rule 3018(a) and in accordance with this Order or (b) at or prior to the Confirmation Hearing, the objection to such Claim has been withdrawn or resolved in favor of the creditor asserting the Claim.

15.     July 9, 2019 at 5:00 p.m. (CDT) (the "Rule 3018(a) Motion Deadline") shall be the deadline for the filing and serving of any motion requesting temporary allowance of a Claim for purposes of voting under Bankruptcy Rule 3018(a) (the "Rule 3018(a) Motion(s)").  Rule 3018(a) Motions must be filed with the Court and served on the Notice Parties so as to be **actually received** by not later than the Rule 3018(a) Motion Deadline; provided however, that if an objection to a Claim is filed on or after the date that is seven (7) days before the original Rule 3018(a) Motion Deadline, then the Rule 3018(a) Motion Deadline shall be extended as to such Claim such that the holder thereof shall have at least seven (7) days to file a Rule 3018(a) Motion.  Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot and be permitted to cast a provisional vote to accept or reject the Plan, if such party is in a Voting Class.  If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, then at the Confirmation Hearing this Court shall determine whether the provisional Ballot should be counted as a vote to accept or reject the Plan, as applicable.

16.     Nothing in this Order shall affect or limit any party's rights to object to any Proof of Claim or Rule 3018(a) Motion.

17.     Claims filed for zero dollars ($0.00) shall be disallowed for voting purposes only and such claimants shall not be entitled to vote.

18.     Notwithstanding anything to the contrary contained herein, any claimant/creditor who has filed a claim that is duplicative of another claim(s) within the same voting class, as

determined by the Debtors, shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claim(s).

19.     Any creditor who holds multiple claims within a single class shall have such claims aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one claim in such class and the creditor will receive a single ballot with respect to all of its claims in such class.

20.     The following voting procedures and standard assumptions ("Tabulation Rules") shall be used in tabulating ballots:

(a)     Whenever a creditor or equity interest holder casts more than one ballot voting the same claim or interest prior to the Voting Deadline, the last properly completed ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and to supersede any prior ballots;

(b)     A creditor or equity interest holder must vote all of its claims or interests within a class either to accept or reject the Plan and may not split its vote.  Accordingly, a ballot that partially rejects and partially accepts the Plan will not be counted;

(c)     If a ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or another acting in a fiduciary or representative capacity when signing, then unless otherwise determined by the Debtors, on request of the Debtors and prior to the ballot being counted, such signatory must submit proper evidence satisfactory to the Debtors of its authority to act on behalf of a holder of claims or interests;

(d)     The Debtors in their discretion, subject to contrary order of the Court, may waive any defect in any ballot at any time, either before or after the close of voting, and without notice.  Except as provided below, unless the ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their discretion, reject such ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan by the Court;

(e)     Unless otherwise ordered by the Court, all questions as to the validity, form, eligibility (including time of receipt), and revocation

or withdrawal of ballots will be determined by the Debtors in their discretion, which determination shall be final and binding;

(f)    Subject to contrary order of the Court, the Debtors reserve the absolute right to reject any and all ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code;

(g)    Any ballot that is executed but that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted;

(h)    Ballots may be delivered by (i) first-class mail, (ii) overnight courier, (iii) personal delivery, or (iv) electronically via the E-Ballot system or via e-mail solely with respect to the Master Ballots. Any ballot transmitted to the Voting Agent by facsimile or other electronic means, except in the Debtors' sole discretion, will not be counted;

(i)    Any ballot that is ineligible, contains insufficient information to permit the identification of the claimant or is unsigned or without an original signature will not be counted;

(j)    Unless waived, any defects or irregularities in connection with deliveries of ballots must be cured within such time as the Debtors or the Court determine. Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots, nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted;

(k)    Any vote purportedly cast on behalf of a class of creditors or equity interest holders will not count for voting purposes unless and until the class is certified by the Court pursuant to a class proof of claim or interest to which no objection has been filed, or if an objection has been filed to such a proof of claim or interest, which has been temporarily certified in an allowed amount for purposes of voting;

(l)    Any ballot cast by a person or entity that does not hold a Claim or Equity Interest in a Class that is entitled to vote to accept or reject the Plan shall not be counted; and

(m)    If a Class contains Claims or Equity Interests eligible to vote, and no Holders of Claims or Equity Interests eligible to vote in such

Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims or Equity Interests in such Class.

21.     To assist in the solicitation process, Prime Clerk may contact parties that submit incomplete or otherwise deficient ballots to make a reasonable effort to cure such deficiencies.

### G.     **Master Ballot Voting Procedures**

22.     The following procedures shall apply to Master Ballot voting:

   a.     votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in Classes 5 and 10, as applicable, as of the Voting Record Date, as evidenced by the applicable records. Votes submitted by a Nominee, whether pursuant to a Master Ballot, will not be counted in excess of the amount of such Interests held by such Nominee as of the Voting Record Date;

   b.     if conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot, the Debtors will use reasonable efforts to reconcile discrepancies with the Nominees;

   c.     if over-votes on a Master Ballot are not reconciled prior to the preparation of the vote certification, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in the relevant class; and

   d.     a single Nominee may complete and deliver to the Balloting Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the last-dated valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior dated Master Ballot.

### H.     **Confirmation Hearing**

23.     The hearing to consider confirmation of the Plan (the "Confirmation Hearing") is scheduled for 9:00 a.m. (CDT) on July 30, 2019 before the Honorable Judge Hale, 1100 Commerce Street, 14th Floor, Courtroom 3, Dallas, TX 75242.

24. The Confirmation Hearing may be continued from time-to-time by the Court or the Debtors without further notice other than adjournments announced in open court or through a filing on the Court's docket.

**I.    Confirmation Hearing Notice**

25. The Confirmation Hearing Notice, substantially in the form annexed to this Order as **Exhibit 3**, shall be served by first-class mail to all creditors and interest holders.

26. A form of Confirmation Hearing Notice (or a form substantially similar thereto) shall be published at least once in *The Wall Street Journal* or *The Dallas Morning News* at least twenty-eight (28) days prior to the Confirmation Hearing.

**J.    Blue Torch Claim**

27. No later than twenty-one (21) days prior to the Confirmation Hearing, to the extent that the Debtors and the Creditors' Committee jointly determine not to either refinance or reinstate the Blue Torch Claim by the Effective Date, then, consistent with the Settlement Stipulation, the Debtors will file a modified Plan to provide for alternative treatment of the Blue Torch Claim in a manner consistent with section 1129 of the Bankruptcy Code, as agreed by the Debtors and the Creditors' Committee and, as necessary, will resolicit Blue Torch with respect to its vote on the Plan, as modified, provided, that, in such event, Blue Torch shall be required to submit its vote, if amended, no later than 3 days prior to the Confirmation Hearing.

**K.    Executory Contracts**

28. On the Effective Date, all Executory Contracts and Unexpired Leases will be assumed by the Debtors in accordance with, and subject to, the provisions and requirements of section 365 and 1123 of the Bankruptcy Code, except for those Executory Contracts and Unexpired Leases that:

    a. Have already been assumed or rejected by the Debtors by a prior order of the Bankruptcy Court, including but not limited to Modified Aircraft Leases;

    b. Are the subject of a separate assumption motion or motion to reject filed by the Debtors pending the Effective Date;

    c. Are the subject of a pending objection regarding assumption, cure, or "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code; or

    d. Are rejected or terminated by the Debtors with the consent of the Creditors' Committee (which consent shall not be unreasonably withheld) pursuant to the terms of the Plan.

29.    The Debtors shall file, as part of the Plan Supplement, a schedule of assumed contracts and a list of each applicable Cure Claim Amount.

30.    Any objection by a counterparty to an Executory Contract or Unexpired Lease to a Cure Claim Amount must be filed, served and actually received by the Debtors on or prior to the later of (i) the Claims Objection Deadline (one hundred and eighty (180) days after the Effective Date); or (ii) seven (7) days after the filing and service of a Plan Supplement that first identifies such Executory Contract or Unexpired Lease.

31.    The Debtors may, subject to the consent of the Creditors' Committee (which consent shall not be unreasonably withheld), at any time prior to the Effective Date, except as otherwise provided in the Plan, seek to reject any Executory Contract or Unexpired Lease and to add such contract or lease to Plan Schedule V.C or to file a motion requesting authorization for the rejection of any such contract or lease. All such Contracts and Unexpired Leases listed on Plan Schedule V.C shall be deemed rejected as of the Effective Date.

32.    All Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be

filed with the Bankruptcy Court within thirty (30) days after service of an order of the Bankruptcy Court (including the Confirmation Order) approving such objection.

33.     Notwithstanding anything to the contrary set forth in Article V of the Plan, in the event of a dispute as to whether a contract is executory or a lease is unexpired, the right of the Reorganized Debtors to move to reject such contract or lease shall be extended until the date that is thirty (30) days after entry of a Final Order by the Bankruptcy Court determining that the contract is executory or the lease is unexpired.

### L.     Plan Objection Procedures

34.     Any objections to confirmation of the Plan or proposed modifications to the Plan, if any, must (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any objection; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be actually received by not later than 5:00 p.m. (CDT) on July 19, 2019 (the "Objection Deadline") and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline (the "Notice Parties"): (a) counsel for the Debtors, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020 (Attn.: Thomas R. Califano, Esq.), 444 West Lake Street, Suite 900, Chicago, IL 60606 (Attn.: Daniel

Simon, Esq., David Avraham, Esq. and Tara Nair, Esq.), 1900 North Pearl Street, Suite 2200, Dallas, TX 75201 (Attn.: Daniel Prieto, Esq.); (b) the Office of the United States Trustee for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, TX 75242 (Attn.: Meredyth A. Kippes, Esq.); (c) counsel to Blue Torch Capital LP, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn.: David M. Hillman, and Chris Theodoridis, Esq.), Reed Smith, LLP, 2501 N. Harwood Street, Suite 1700 (Attn.: Michael P. Cooley, Esq.); (d) counsel to Thirty Two, L.L.C., Zack A. Clement, PLLC, 3752 Drummond Street, Houston, TX 77025 (Attn.: Zach A. Clement, Esq.), Rochelle McCullough, LLC, 325 N. St. Paul Street, Suite 4500, Dallas, TX 75201 (Attn.: Michael R. Rochelle, Esq., Kevin D. McCullough, Esq. and Shannon S. Thomas, Esq.); (e) counsel to Delaware Trust Company, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas Texas 75201 (Attn.: Louis R. Strubeck, Esq.), Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn.: Mark R. Somerstein, Esq.); (f) counsel to the Official Committee of Unsecured Creditors, Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn.: Dennis Dunne, Esq., Samuel Khalil, Esq., and Nelly Almeida, Esq.), and Haynes & Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219 (Attn.: Ian T. Peck, Esq., Stephen M. Pezanosky, Esq., and David Staab, Esq.); and (g) counsel for the Official Committee of Equity Security Holders, Gray Reed & McGraw LLP, 1601 Elm Street, Suite 4600, Dallas, Texas 75201 (Attn.: Jason S. Brookner, Esq., Lydia R. Webb, Esq. and Amber M. Carson, Esq.), Levene Neale Bender Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067 (Attn.: David B. Golubchik, Esq. and Eve H. Karasik, Esq.).

35.    The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots and related documents without further order of the Court,

including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Packages prior to mailing, with the consent of the Creditors' Committee and the Equity Committee solely with respect to the Equity Committee Settlement Stipulation, with such consent not to be unreasonably withheld.

36.     The Debtors are authorized to file a supplement to the Plan (as may be amended, modified, or supplemented in accordance with the Plan and Settlement Stipulation, the "<u>Plan Supplement</u>") on or before July 23, 2019, which shall be in form and substance reasonably acceptable to the Creditors' Committee, and, solely with respect to the Old Equity Settlement Warrants, the reasonable consent of the Equity Committee.

37.     The Debtors are authorized to take all actions they deem necessary to effectuate the relief granted by this Order.

38.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

39.     To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

40.     This Order shall be binding on all successors and assigns, including any trustee appointed in this chapter 11 case.

41.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.  This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**# # # End of Order # # #**

Order submitted by:

**DLA PIPER LLP (US)**

*/s/ Daniel Prieto*
Daniel Prieto, State Bar No. 24048744
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: (214) 743-4500
Fax: (214) 743-4545
Email: dan.prieto@dlapiper.com

-and-

Thomas R. Califano (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
Email: thomas.califano@dlapiper.com

-and-

Daniel M. Simon (admitted *pro hac vice*)
David Avraham (admitted *pro hac vice*)
Tara Nair (admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: (312) 368-4000
Fax:  (312) 236-7516
Email: daniel.simon@dlapiper.com
        david.avraham@dlapiper.com
        tara.nair@dlapiper.com

*Counsel for the Debtors*

## EXHIBIT 1-A TO DISCLOSURE STATEMENT ORDER

### Class 2 Ballot (Thirty Two Claim)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CLASS 2 BALLOT FOR THIRTY TWO CLAIM**
**TO ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 19, 2019, AT 5:00 P.M. (CDT).**
>
> **YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 18, 2019 [Docket No. 687] (as may be amended, modified, and/or supplemented, the "<u>Plan</u>")[2], submitted by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") and described in the related *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may be amended, modified, and/or supplemented, the "<u>Disclosure Statement</u>"), approved by order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Bankruptcy Court</u>") on June [●], 2019 [Docket No. ●] (the "<u>Disclosure Statement Order</u>"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. Copies of the Plan and Disclosure Statement are available for inspection during regular business hours, Monday through Friday, 8:30 a.m. to 4:30 p.m., excluding federal holidays, at the office of the clerk of the Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 1254, Dallas, TX 75242-1496. In addition, copies of the Plan and the Disclosure Statement may be obtained: (i) by visiting the website maintained by the Debtors' claims and noticing agent in the chapter 11 cases, at https://cases.primeclerk.com/phi/; (ii) by contacting the Claims Agent at the following address, telephone number, or email address: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (844) 216-8745 (domestic); (347) 761-3249 (international); phiballots@primeclerk.com; or (iii) for a fee,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2] Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

from the Bankruptcy Court's website, https://www.txnb.uscourts.gov/. A PACER login and password are required to access documents on the Bankruptcy Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. You should review the Disclosure Statement and the Plan carefully before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Allowed Claims in each Class of Claims that actually vote on the Plan[3] and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq.</u> (as amended, the "<u>Bankruptcy Code</u>"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address by first class mail, overnight courier or hand delivery: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165, so that it is received by the deadline indicated above. Alternatively, Ballots may be returned by electronic, online transmission by clicking on the "Submit E-Ballot" section on the Debtors' case website (https://cases.primeclerk.com/phi/) and following the directions set forth on the website regarding submitting your E-Ballot as described more fully below. Please choose only one method of return for your Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

<u>Ballots submitted by facsimile or email will not be counted.</u>

## NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:

Article IX.B.2. of the Plan contains the following releases by Non-Debtor Releasing Parties:

**Except as otherwise expressly provided in this Plan, the Settlement Stipulation and the Equity Committee Settlement Stipulation, effective as of the Effective Date, to the fullest extent permitted by applicable law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party (together with the Debtor Releasing Parties, the "Releasing Parties") will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to each of the Released Parties (and each such Released Party so released shall be deemed**

---

[3]     If no Holders of Claims in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims in such Class.

forever released, waived and discharged by the Non-Debtor Releasing Parties) (the "**Third Party Release**") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the Disclosure Statement, this Plan, the Settlement Stipulation, the Equity Committee Settlement Stipulation and the Restructuring Documents, (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, (iii) the business or contractual arrangements between any Debtor and any Released Parties, (iv) the negotiation, formulation or preparation of this Plan, the Disclosure Statement, the Settlement Stipulation, the Equity Committee Settlement Stipulation, the Restructuring Documents, or related agreements, instruments or other documents, (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale or rescission of the purchase or sale of any Claim or Equity Interest of the Debtors or the Reorganized Debtors, and/or (vii) the Confirmation or Consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; provided, however, that the foregoing provisions of this Third Party Release shall not operate to waive, release or otherwise impair: (i) any Causes of Action arising from willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; (ii) any of the indebtedness and obligations of the Debtors and/or the Reorganized Debtors incurred under this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; (iii) the rights of such Non-Debtor Releasing Party to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; and/or (iv) any objections with respect to any Retained Professional's final fee application or Accrued Professional Compensation Claims in these Chapter 11 Cases.

The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released under this Third Party Release.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and

definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims released by the Third Party Release; (iii) in the best interest of the Debtors and all Holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; and (v) given and made after due notice and opportunity for hearing.

Notwithstanding anything to the contrary in this Plan or otherwise, any agreement of the Creditors' Committee, the Unsecured Notes Indenture Trustee, or Houlihan Lokey Capital, Inc. to not "opt out" of the voluntary releases contained in this Plan shall be immediately and automatically, without further action of any party, revoked and changed to be "opt out" in the event that either (a) the Plan has been amended, modified, or supplemented in a manner inconsistent with the Settlement Stipulation (absent the consent of each of the Creditors' Committee, the Unsecured Notes Indenture Trustee and Houlihan Lokey Capital, Inc.) or (b) the Settlement Stipulation is no longer in effect.

OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE IX OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, DISCHARGE, INJUNCTION AND RELATED PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

---

PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class Vote.** The undersigned, a Holder of a Class 2 Claim against the Debtor indicated below, in the voting amount set forth below, votes to (check <u>one</u> box only):

☐ **Accept** the Plan. ☐ **Reject** the Plan.

Voting Amount: $ _____

**Item 2. Optional Release Election.** Check this box if you elect <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan. Election to withhold consent is at your option. If you do not check the box below opting out of the release provisions in Article IX.B.2 of the Plan, you will be deemed to consent to the releases set forth in Article IX.B.2. of the Plan with respect to the Released Parties.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan.

**Item 3. Acknowledgments.** By signing and returning this Ballot, the undersigned acknowledges receipt of the Disclosure Statement (including the exhibits thereto) and the other applicable

solicitation materials and certifies that as of the Voting Record Date the undersigned is the Holder of the Claim set forth in Item 1 above and has the power and authority to vote to accept or reject the Plan. To the extent the undersigned is voting on behalf of an actual Holder of the Claim set forth in Item 1 above, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request. The undersigned also acknowledges that the solicitation and tabulation of votes on the Plan is subject to the terms and conditions of the Disclosure Statement and the Disclosure Statement Order. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Taxpayer Identification Number

_____
Telephone Number

_____
Email Address

_____
Date Completed

## <u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Prime Clerk LLC (the "<u>Claims Agent</u>") by **<u>ONLY ONE</u>** of the following approved return methods:

<u>By first class mail, overnight courier or hand delivery</u>:

**PHI Ballot Processing**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street (Park Avenue), Suite 1440**
**New York, NY 10165**

<u>By electronic, online submission</u>:

Please visit https://cases.primeclerk.com/phi/**.**  Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should <u>not</u> also return a hard copy of your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#: _____**

<u>Ballots submitted by facsimile or email will not be counted</u>.

**Ballots must be *received* by the Claims Agent on or before July 19, 2019 at 5:00 p.m. (CDT) (the "<u>Voting Deadline</u>")**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion.  An envelope addressed to the Claims Agent is enclosed for your convenience (which address may differ from the address provided in the box above).  <u>Ballots submitted by facsimile or email will not be counted</u>.  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

1.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept

and partially reject the Plan likewise will not be counted. **Further, inconsistent duplicate Ballots, submitted simultaneously with respect to the same claim shall not be counted.**

2.  Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **July 9, 2019 at 5:00 p.m. (CDT) (the "3018 Motion Deadline")**. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

3.  The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or Equity Interest.

4.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

5.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.  PLEASE RETURN YOUR BALLOT PROMPTLY. THE CLAIMS AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL OR EMAIL THE CLAIMS AGENT AT (844) 216-8745 (DOMESTIC); (347) 761-3249 (INTERNATIONAL) OR PHIBALLOTS@PRIMECLERK.COM. DO NOT CONTACT THE CLAIMS AGENT FOR LEGAL ADVICE. THE CLAIMS AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**EXHIBIT 1-B TO DISCLOSURE STATEMENT ORDER**

**Class 4 Ballot (Aircraft Lessor Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CLASS 4 BALLOT FOR AIRCRAFT LESSOR CLAIMS TO**
**ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 19, 2019 AT 5:00 P.M. (CDT).**
>
> **YOUR BALLOT MUST BE _ACTUALLY RECEIVED_ BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 18, 2019 [Docket No. 687] (as may be amended, modified, and/or supplemented, the "Plan")[2], submitted by the above-captioned debtors and debtors in possession (the "Debtors") and described in the related *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may be amended, modified, and/or supplemented, the "Disclosure Statement"), approved by order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") on [●], 2019 [Docket No. ●] (the "Disclosure Statement Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. Copies of the Plan and Disclosure Statement are available for inspection during regular business hours, Monday through Friday, 8:30 a.m. to 4:30 p.m., excluding federal holidays, at the office of the clerk of the Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 1254, Dallas, TX 75242-1496. In addition, copies of the Plan and the Disclosure Statement may be obtained: (i) by visiting the website maintained by the Debtors' claims and noticing agent in the chapter 11 cases, at https://cases.primeclerk.com/phi/; (ii) by contacting the Claims Agent at the following address, telephone number, or email address: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (844) 216-8745 (domestic); (347) 761-3249 (international); phiballots@primeclerk.com; or (iii) for a fee,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2] Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

from the Bankruptcy Court's website, https://www.txnb.uscourts.gov/. A PACER login and password are required to access documents on the Bankruptcy Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. You should review the Disclosure Statement and the Plan carefully before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Allowed Claims in each Class of Claims that actually vote on the Plan[3] and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq.</u> (as amended, the "<u>Bankruptcy Code</u>"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address by first class mail, overnight courier or hand delivery: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165, so that it is received by the deadline indicated above. Alternatively, Ballots may be returned by electronic, online transmission by clicking on the "Submit E-Ballot" section on the Debtors' case website (https://cases.primeclerk.com/phi/) and following the directions set forth on the website regarding submitting your E-Ballot as described more fully below. Please choose only one method of return for your Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

Ballots submitted by facsimile or email will not be counted.

<u>**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 4**</u>

If a Holder of an Allowed Class 4 Aircraft Lessor Claim furnishes a Citizenship Declaration to the Debtors at least 10 business days prior to the Effective Date (the "<u>Certification Deadline</u>") and, after review, the Debtors, in their reasonable discretion, accept such Citizenship Declaration as reasonable proof to establish that such Holder is a U.S. Citizen, such Holder will receive New Common Stock representing all of such holder's Pro Rata share of the New Common Stock Distribution as of the Effective Date; <u>provided</u>, <u>however</u>, that if such Holder is a Non-U.S. Citizen, or if the Holder fails to furnish a Citizenship Declaration to the Debtors on or before the Certification Deadline, or if the Citizenship Declaration of such Holder has not been accepted or has been rejected by the Debtors in their reasonable discretion on or before the date that is 5 Business Days after the Certification Deadline, such Holder will be treated as a Non-U.S. Citizen for all purposes hereunder and under the Plan. In connection with the Debtors' review of any Citizenship Declaration, the Debtors will have the right to require the Holder furnishing the Citizenship Declaration to provide the Debtors with such documentation and other information as they may reasonably request as proof confirming that the holder is a U.S. Citizen. The Debtors

---

[3] If no Holders of Claims in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims in such Class.

will treat all such documentation and information provided by a Holder as confidential; provided, that, the Debtors will share such information with the Creditors' Committee on a confidential basis and will work cooperatively with the Creditors' Committee with respect to citizenship issues.

## NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:

Article IX.B.2. of the Plan contains the following releases by Non-Debtor Releasing Parties:

**Except as otherwise expressly provided in this Plan, the Settlement Stipulation and the Equity Committee Settlement Stipulation, effective as of the Effective Date, to the fullest extent permitted by applicable law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party (together with the Debtor Releasing Parties, the "_Releasing Parties_") will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to each of the Released Parties (and each such Released Party so released shall be deemed forever released, waived and discharged by the Non-Debtor Releasing Parties) (the "_Third Party Release_") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the Disclosure Statement, this Plan, the Settlement Stipulation, the Equity Committee Settlement Stipulation and the Restructuring Documents, (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, (iii) the business or contractual arrangements between any Debtor and any Released Parties, (iv) the negotiation, formulation or preparation of this Plan, the Disclosure Statement, the Settlement Stipulation, the Equity Committee Settlement Stipulation, the Restructuring Documents, or related agreements, instruments or other documents, (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale or rescission of the purchase or sale of any Claim or Equity Interest of the Debtors or the Reorganized Debtors, and/or (vii) the Confirmation or Consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; _provided_, _however_, that the foregoing provisions of this Third Party Release shall not operate to waive, release or otherwise impair: (i) any Causes of Action arising from willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent**

jurisdiction; (ii) any of the indebtedness and obligations of the Debtors and/or the Reorganized Debtors incurred under this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; (iii) the rights of such Non-Debtor Releasing Party to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; and/or (iv) any objections with respect to any Retained Professional's final fee application or Accrued Professional Compensation Claims in these Chapter 11 Cases.

The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released under this Third Party Release.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims released by the Third Party Release; (iii) in the best interest of the Debtors and all Holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; and (v) given and made after due notice and opportunity for hearing.

Notwithstanding anything to the contrary in this Plan or otherwise, any agreement of the Creditors' Committee, the Unsecured Notes Indenture Trustee, or Houlihan Lokey Capital, Inc. to not "opt out" of the voluntary releases contained in this Plan shall be immediately and automatically, without further action of any party, revoked and changed to be "opt out" in the event that either (a) the Plan has been amended, modified, or supplemented in a manner inconsistent with the Settlement Stipulation (absent the consent of each of the Creditors' Committee, the Unsecured Notes Indenture Trustee and Houlihan Lokey Capital, Inc.) or (b) the Settlement Stipulation is no longer in effect.

OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE IX OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, DISCHARGE, INJUNCTION AND RELATED PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

> PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE
> APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS
> HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a Holder of a Class 4 Claim against the Debtor indicated below, in the voting amount set forth below, votes to (check <u>one</u> box only):

☐ **Accept** the Plan. ☐ **Reject** the Plan.

Voting Amount: $ _____

**Item 2. Optional Release Election.** Check this box if you elect <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan. Election to withhold consent is at your option. If you do not check the box below opting out of the release provisions in Article IX.B.2 of the Plan, you will be deemed to consent to the releases set forth in Article IX.B.2. of the Plan with respect to the Released Parties.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan.

**Item 3. Acknowledgments.** By signing and returning this Ballot, the undersigned acknowledges receipt of the Disclosure Statement (including the exhibits thereto) and the other applicable solicitation materials and certifies that as of the Voting Record Date the undersigned is the Holder of the Claim set forth in Item 1 above and has the power and authority to vote to accept or reject the Plan. To the extent the undersigned is voting on behalf of an actual Holder of the Claim set forth in Item 1 above, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request. The undersigned also acknowledges that the solicitation and tabulation of votes on the Plan is subject to the terms and conditions of the Disclosure Statement and the Disclosure Statement Order. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Taxpayer Identification Number

_____
Telephone Number

_____
Email Address

_____
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Prime Clerk LLC (the "Claims Agent") by **ONLY ONE** of the following approved return methods:

---

By first class mail, overnight courier or hand delivery:

> **PHI Ballot Processing**
> **c/o Prime Clerk LLC**
> **One Grand Central Place**
> **60 East 42nd Street (Park Avenue), Suite 1440**
> **New York, NY 10165**

---

By electronic, online submission:

> Please visit https://cases.primeclerk.com/phi/**.** Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

> **IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized E-Ballot:**

> **Unique E-Ballot ID#: _____**

Ballots submitted by facsimile or email will not be counted.

---

**Ballots must be *received* by the Claims Agent on or before July 19, 2019 at 5:00 p.m. (CDT) (the "Voting Deadline")**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion.  An envelope addressed to the Claims Agent is enclosed for your convenience (which address may differ from the address provided in the box above).  Ballots submitted by facsimile or email will not be counted.  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

1.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept

and partially reject the Plan likewise will not be counted. **Further, inconsistent duplicate Ballots, submitted simultaneously with respect to the same claim shall not be counted.**

2.   Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **July 9, 2019 at 5:00 p.m. (CDT) (the "3018 Motion Deadline")**. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

3.   The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or Equity Interest.

4.   If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

5.   NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.   PLEASE RETURN YOUR BALLOT PROMPTLY. THE CLAIMS AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL OR EMAIL THE CLAIMS AGENT AT (844) 216-8745 (DOMESTIC); (347) 761-3249 (INTERNATIONAL) OR PHIBALLOTS@PRIMECLERK.COM. DO NOT CONTACT THE CLAIMS AGENT FOR LEGAL ADVICE. THE CLAIMS AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

## EXHIBIT 1-C TO DISCLOSURE STATEMENT ORDER

**Class 5 Ballot (General Unsecured Claims Other than Unsecured Notes Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CLASS 5 BALLOT FOR GENERAL UNSECURED CLAIMS**
**TO ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 19, 2019 AT 5:00 P.M. (CDT).**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

---

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 18, 2019 [Docket No. 687] (as may be amended, modified, and/or supplemented, the "Plan")[2], submitted by the above-captioned debtors and debtors in possession (the "Debtors") and described in the related *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may be amended, modified, and/or supplemented, the "Disclosure Statement"), approved by order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") on [•], 2019 [Docket No. •] (the "Disclosure Statement Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. Copies of the Plan and Disclosure Statement are available for inspection during regular business hours, Monday through Friday, 8:30 a.m. to 4:30 p.m., excluding federal holidays, at the office of the clerk of the Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 1254, Dallas, TX 75242-1496. In addition, copies of the Plan and the Disclosure Statement may be obtained: (i) by visiting the website maintained by the Debtors' claims and noticing agent in the chapter 11 cases, at https://cases.primeclerk.com/phi/; (ii) by contacting the Claims Agent at the following address, telephone number, or email address: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (844) 216-8745 (domestic); (347) 761-3249 (international); phiballots@primeclerk.com; or (iii) for a fee,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2] Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

from the Bankruptcy Court's website, https://www.txnb.uscourts.gov/. A PACER login and password are required to access documents on the Bankruptcy Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. You should review the Disclosure Statement and the Plan carefully before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Allowed Claims in each Class of Claims that actually vote on the Plan[3] and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq.</u> (as amended, the "<u>Bankruptcy Code</u>"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address by first class mail, overnight courier or hand delivery: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165, so that it is received by the deadline indicated above. Alternatively, Ballots may be returned by electronic, online transmission by clicking on the "Submit E-Ballot" section on the Debtors' case website (https://cases.primeclerk.com/phi/) and following the directions set forth on the website regarding submitting your E-Ballot as described more fully below. Please choose only one method of return for your Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

<u>Ballots submitted by facsimile or email will not be counted.</u>

## <u>IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 5</u>

If a Holder of an Allowed Class 5 General Unsecured Claim furnishes a Citizenship Declaration to the Debtors at least 10 business days prior to the Effective Date (the "<u>Certification Deadline</u>") and, after review, the Debtors, in their reasonable discretion, accept such Citizenship Declaration as reasonable proof to establish that such Holder is a U.S. Citizen, such Holder will receive New Common Stock representing all of such holder's Pro Rata share of the New Common Stock Distribution as of the Effective Date; <u>provided</u>, <u>however</u>, that if such Holder is a Non-U.S. Citizen, or if the Holder fails to furnish a Citizenship Declaration to the Debtors on or before the Certification Deadline, or if the Citizenship Declaration of such Holder has not been accepted or has been rejected by the Debtors in their reasonable discretion on or before the date that is 5 Business Days after the Certification Deadline, such Holder will be treated as a Non-U.S. Citizen for all purposes hereunder and under the Plan. In connection with the Debtors' review of any Citizenship Declaration, the Debtors will have the right to require the Holder furnishing the Citizenship Declaration to provide the Debtors with such documentation and other information as they may reasonably request as proof confirming that the holder is a U.S. Citizen. The Debtors will treat all such documentation and information provided by a Holder as confidential; provided,

---

[3]   If no Holders of Claims in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims in such Class.

that, the Debtors will share such information with the Creditors' Committee on a confidential basis and will work cooperatively with the Creditors' Committee with respect to citizenship issues.

**NOTICE REGARDING CERTAIN RELEASE,
EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:

Article IX.B.2. of the Plan contains the following releases by Non-Debtor Releasing Parties:

**Except as otherwise expressly provided in this Plan, the Settlement Stipulation and the Equity Committee Settlement Stipulation, effective as of the Effective Date, to the fullest extent permitted by applicable law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party (together with the Debtor Releasing Parties, the "Releasing Parties") will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to each of the Released Parties (and each such Released Party so released shall be deemed forever released, waived and discharged by the Non-Debtor Releasing Parties) (the "Third Party Release") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the Disclosure Statement, this Plan, the Settlement Stipulation, the Equity Committee Settlement Stipulation and the Restructuring Documents, (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, (iii) the business or contractual arrangements between any Debtor and any Released Parties, (iv) the negotiation, formulation or preparation of this Plan, the Disclosure Statement, the Settlement Stipulation, the Equity Committee Settlement Stipulation, the Restructuring Documents, or related agreements, instruments or other documents, (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale or rescission of the purchase or sale of any Claim or Equity Interest of the Debtors or the Reorganized Debtors, and/or (vii) the Confirmation or Consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; provided, however, that the foregoing provisions of this Third Party Release shall not operate to waive, release or otherwise impair: (i) any Causes of Action arising from willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent**

jurisdiction; (ii) any of the indebtedness and obligations of the Debtors and/or the Reorganized Debtors incurred under this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; (iii) the rights of such Non-Debtor Releasing Party to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; and/or (iv) any objections with respect to any Retained Professional's final fee application or Accrued Professional Compensation Claims in these Chapter 11 Cases.

The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released under this Third Party Release.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims released by the Third Party Release; (iii) in the best interest of the Debtors and all Holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; and (v) given and made after due notice and opportunity for hearing.

Notwithstanding anything to the contrary in this Plan or otherwise, any agreement of the Creditors' Committee, the Unsecured Notes Indenture Trustee, or Houlihan Lokey Capital, Inc. to not "opt out" of the voluntary releases contained in this Plan shall be immediately and automatically, without further action of any party, revoked and changed to be "opt out" in the event that either (a) the Plan has been amended, modified, or supplemented in a manner inconsistent with the Settlement Stipulation (absent the consent of each of the Creditors' Committee, the Unsecured Notes Indenture Trustee and Houlihan Lokey Capital, Inc.) or (b) the Settlement Stipulation is no longer in effect.

OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE IX OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, DISCHARGE, INJUNCTION AND RELATED PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1, 2, 3 AND 4. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class Vote.** The undersigned, a Holder of a Class 5 Claim against the Debtor indicated below, in the voting amount set forth below, votes to (check <u>one</u> box only):

☐ **Accept** the Plan. ☐ **Reject** the Plan.

Voting Amount: $ _____

**Item 2. Optional Release Election.** Check this box if you elect <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan. Election to withhold consent is at your option. If you do not check the box below opting out of the release provisions in Article IX.B.2 of the Plan, you will be deemed to consent to the releases set forth in Article IX.B.2. of the Plan with respect to the Released Parties.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan.

**Item 3. OPTIONAL TREATMENT ELECTION. Election to be treated as a Convenience Claim.** The Holder of a General Unsecured Claim in Class 5 has the option to elect to have such Claim irrevocably reduced to $25,000 and treated as a Convenience Claim for the purposes of the Plan if such Claim is Allowed in an amount greater than $25,000.

☐ The undersigned irrevocably elects to reduce the Class 5 Claim to $25,000 and be treated as a Class 6 Convenience Claim.

*In the absence of a timely election to be treated as a Holder of an Allowed Convenience Claim, for any Allowed Class 5 Claim that is Allowed in an amount greater than $25,000, the Holder of such Claim will receive the New Common Stock Distribution on account of the Allowed amount of such Claim.*

**Item 4. Acknowledgments.** By signing and returning this Ballot, the undersigned acknowledges receipt of the Disclosure Statement (including the exhibits thereto) and the other applicable solicitation materials and certifies that as of the Voting Record Date the undersigned is the Holder of the Claim set forth in Item 1 above and has the power and authority to vote to accept or reject the Plan. To the extent the undersigned is voting on behalf of an actual Holder of the Claim set forth in Item 1 above, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request. The undersigned also acknowledges that the solicitation and tabulation of votes on the Plan is subject to the terms and conditions of the Disclosure Statement and the Disclosure Statement Order. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either

acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Taxpayer Identification Number

_____
Telephone Number

_____
Email Address

_____
Date Completed

## <u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Prime Clerk LLC (the "<u>Claims Agent</u>") by **<u>ONLY ONE</u>** of the following approved return methods:

<u>By first class mail, overnight courier or hand delivery</u>:

**PHI Ballot Processing**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street (Park Avenue), Suite 1440**
**New York, NY 10165**

<u>By electronic, online submission</u>:

Please visit https://cases.primeclerk.com/phi/**.** Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should <u>not</u> also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#: _____**

<u>Ballots submitted by facsimile or email will not be counted.</u>

**Ballots must be *received* by the Claims Agent on or before July 19, 2019 at 5:00 p.m. (CDT) (the "<u>Voting Deadline</u>")**. If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion. An envelope addressed to the Claims Agent is enclosed for your convenience (which address may differ from the address provided in the box above). <u>Ballots submitted by facsimile or email will not be counted</u>. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

1. You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept

and partially reject the Plan likewise will not be counted. **Further, inconsistent duplicate Ballots, submitted simultaneously with respect to the same claim shall not be counted.**

2. Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **July 9, 2019 at 5:00 p.m. (CDT) (the "3018 Motion Deadline")**. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

3. The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or Equity Interest.

4. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

5. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6. PLEASE RETURN YOUR BALLOT PROMPTLY. THE CLAIMS AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL OR EMAIL THE CLAIMS AGENT AT (844) 216-8745 (DOMESTIC); (347) 761-3249 (INTERNATIONAL) OR PHIBALLOTS@PRIMECLERK.COM. DO NOT CONTACT THE CLAIMS AGENT FOR LEGAL ADVICE. THE CLAIMS AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

## EXHIBIT 1-D TO DISCLOSURE STATEMENT ORDER

**Class 5 Ballots (Unsecured Notes Claims) (Master Ballot and Beneficial Holder Ballot)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CLASS 5 MASTER BALLOT FOR UNSECURED NOTES CLAIMS TO ACCEPT OR**
**REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 19, 2019 AT 5:00 P.M. (CDT).**
>
> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 18, 2019 [Docket No. 687] (as may be amended, modified, and/or supplemented, the "Plan")[2], submitted by the above-captioned debtors and debtors in possession (the "Debtors") and described in the related *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may be amended, modified, and/or supplemented, the "Disclosure Statement"), approved by order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") on [•], 2019 [Docket No. •] (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this master ballot (this "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[3] of Class 5 Unsecured Notes Claim, as of June 18, 2019 (or the date that is the first day of the Disclosure Statement Hearing) (the "Voting Record Date").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2]    Capitalized terms used herein or in the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

[3]    A "Beneficial Holder" means a beneficial owner of publicly-traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees holding through the respective indenture trustee.

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy Holder of a Nominee for certain Beneficial Holders' Unsecured Notes Claims in Class 5 (the "Class 5 Unsecured Notes Claims"), to transmit to the Balloting Agent (as defined below) the votes of such Beneficial Holders in respect of their Class 5 Unsecured Notes Claims to accept or reject the Plan. This ballot may not be used for any purpose other than for submitting votes with respect to the Plan.**

The rights and treatment for each Class are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Master Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee from the Bankruptcy Court's website, http://www.txnb.uscourts.gov; or (b) **at no charge** from Prime Clerk LLC (the "Balloting Agent") by, (i) accessing the Debtors' restructuring website at https://cases.primeclerk.com/phi/, (ii) by contacting the Claims Agent at the following address, telephone number, or email address: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (844) 216-8745 (domestic); (347) 761-3249 (international); phiballots@primeclerk.com.

This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Balloting Agent *immediately* at the address, telephone number, or email address set forth above.

**YOUR VOTE ON THIS MASTER BALLOT FOR CERTAIN BENEFICIAL HOLDERS OF UNSECURED NOTES CLAIMS IN CLASS 5 SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM SUCH BENEFICIAL HOLDERS HAVE A CLASS 5 UNSECURED NOTES CLAIM.**

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Balloting Agent *actually receives* it on or before the Voting Deadline.

<u>**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 5**</u>

If a Holder of an Allowed Class 5 General Unsecured Claim furnishes a Citizenship Declaration to the Debtors at least 10 business days prior to the Effective Date (the "Certification Deadline") and, after review, the Debtors, in their reasonable discretion, accept such Citizenship Declaration as reasonable proof to establish that such Holder is a U.S. Citizen, such Holder will receive New Common Stock representing all of such holder's Pro Rata share of the New Common Stock

Distribution as of the Effective Date; provided, however, that if such Holder is a Non-U.S. Citizen, or if the Holder fails to furnish a Citizenship Declaration to the Debtors on or before the Certification Deadline, or if the Citizenship Declaration of such Holder has not been accepted or has been rejected by the Debtors in their reasonable discretion on or before the date that is 5 Business Days after the Certification Deadline, such Holder will be treated as a Non-U.S. Citizen for all purposes hereunder and under the Plan. In connection with the Debtors' review of any Citizenship Declaration, the Debtors will have the right to require the Holder furnishing the Citizenship Declaration to provide the Debtors with such documentation and other information as they may reasonably request as proof confirming that the holder is a U.S. Citizen. The Debtors will treat all such documentation and information provided by a Holder as confidential; provided, that, the Debtors will share such information with the Creditors' Committee on a confidential basis and will work cooperatively with the Creditors' Committee with respect to citizenship issues.

**THE VOTING DEADLINE IS ON JULY 19, 2019, AT 5:00 P.M. (CDT).**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

    ☐ Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of the Class 5 Unsecured Notes Claims listed in Item 2 below, and is the record Holder of such bonds, or

    ☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered Holder of the aggregate principal amount of Class 5 Unsecured Notes Claims listed in Item 2 below, or

    ☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Holder, that is the registered Holder of the aggregate principal amount of Class 5 Unsecured Notes Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of the Class 5 Unsecured Notes Claims described in Item 2.

**Item 2. Class 5 Unsecured Notes Claims Vote on Plan**

The undersigned transmits the following votes, and releases of Beneficial Holders of Class 5 Unsecured Notes Claims and certifies that the following Beneficial Holders of Class 5 Unsecured Notes Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, ballots (the "Ballots") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that

each Holder must vote all such Beneficial Holder's Class 5 Unsecured Notes Claims to accept or reject the Plan and may not split such vote. Any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

| Your Customer Account Number for Each Beneficial Holder of Class 5 Unsecured Notes Claims | Principal Amount Held as of Voting Record Date | Item 2<br><br>Indicate the vote cast on the Beneficial Holder Ballot by checking the appropriate box below. | | | Item 3<br><br>If the box in Item 3 of the Beneficial Holder Ballot was completed, check the box in the column below<br><br>OPT OUT of the Third Party Release |
|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | |
| 1 | $ | ☐ | | ☐ | |
| 2 | $ | ☐ | | ☐ | |
| 3 | $ | ☐ | | ☐ | |
| 4 | $ | ☐ | | ☐ | |
| 5 | $ | ☐ | | ☐ | |
| 6 | $ | ☐ | | ☐ | |
| TOTALS | $ | | | | |

**Item 3. Other Class 5 Ballots Submitted by Beneficial Holders.** The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 5 of the Beneficial Holder Ballot:

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Holder Ballot. | Transcribe from Item 4 of the Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Registered Holder or Nominee | Principal Amount of other Class 5 Unsecured Notes Claims | CUSIP of other Class 5 Unsecured Notes Claims Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |

| 4. | | | $ | |
| 5. | | | $ | |

**Item 4. Important information regarding the Third Party Release.**

**Article IX.B.2 of the Plan contains the releases by Non-Debtor Releasing Parties:**

**Except as otherwise expressly provided in this Plan, the Settlement Stipulation and the Equity Committee Settlement Stipulation, effective as of the Effective Date, to the fullest extent permitted by applicable law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party (together with the Debtor Releasing Parties, the "Releasing Parties") will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to each of the Released Parties (and each such Released Party so released shall be deemed forever released, waived and discharged by the Non-Debtor Releasing Parties) (the "Third Party Release") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the Disclosure Statement, this Plan, the Settlement Stipulation, the Equity Committee Settlement Stipulation and the Restructuring Documents, (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, (iii) the business or contractual arrangements between any Debtor and any Released Parties, (iv) the negotiation, formulation or preparation of this Plan, the Disclosure Statement, the Settlement Stipulation, the Equity Committee Settlement Stipulation, the Restructuring Documents, or related agreements, instruments or other documents, (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale or rescission of the purchase or sale of any Claim or Equity Interest of the Debtors or the Reorganized Debtors, and/or (vii) the Confirmation or Consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; provided, however, that the foregoing provisions of this Third Party Release shall not operate to waive, release or otherwise impair: (i) any Causes of Action arising from willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; (ii) any of the indebtedness and obligations of the Debtors and/or Reorganized Debtors incurred under this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; (iii) the rights of such Non-Debtor Releasing Party to enforce this Plan and the contracts,**

EAST\166124667

instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; and/or (iv) any objections with respect to any Retained Professional's final fee application or Accrued Professional Compensation Claims in these Chapter 11 Cases.

The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released under this Third Party Release.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is:  (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims released by the Third Party Release; (iii) in the best interest of the Debtors and all Holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; and (v) given and made after due notice and opportunity for hearing.

Notwithstanding anything to the contrary in this Plan or otherwise, any agreement of the Creditors' Committee, the Unsecured Notes Indenture Trustee, or Houlihan Lokey Capital, Inc. to not "opt out" of the voluntary releases contained in this Plan shall be immediately and automatically, without further action of any party, revoked and changed to be "opt out" in the event that either (a) the Plan has been amended, modified, or supplemented in a manner inconsistent with the Settlement Stipulation (absent the consent of each of the Creditors' Committee, the Unsecured Notes Indenture Trustee and Houlihan Lokey Capital, Inc.) or (b) the Settlement Stipulation is no longer in effect.

**OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE IX OF THE PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, DISCHARGE, INJUNCTION AND RELATED PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**<u>Item 5</u>.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

    a) it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, the Beneficial Holder Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 5 Unsecured Notes Claims listed in Item 2 above;

b) it has received a completed and signed Beneficial Holder Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

c) it is either the registered Holder of all Class 5 Unsecured Notes Claims listed in Item 2 above being voted, or it has been authorized by each Beneficial Holder of Class 5 Unsecured Notes Claims listed in Item 2 above to vote on the Plan;

d) no other Master Ballots with respect to the same Class 5 Unsecured Notes Claims identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such Claims, then any such earlier Master Ballots are hereby revoked;

e) it has properly disclosed: (i) the number of Beneficial Holder of Class 5 Unsecured Notes Claims who completed the Beneficial Holder Ballots; (ii) the respective amounts of the Class 5 Unsecured Notes Claims owned, as the case may be, by each Beneficial Holder of Class 5 Unsecured Notes Claims who completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder of Class 5 Unsecured Notes Claims' respective vote concerning the Plan; (iv) each such Beneficial Holder of Class 5 Unsecured Notes Claims' certification as to other Class 5 Unsecured Notes Claims voted; and (v) the customer account or other identification number for each such Beneficial Holder of Class 5 Unsecured Notes Claims; and

f) it will maintain ballots and evidence of separate transactions returned by Beneficial Holder of Class 5 Unsecured Notes Claims (whether properly completed or defective) for at least one (1) year after the Effective Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtors, if so ordered.

*[Remainder of page intentionally left blank.]*

7

Name of Nominee: _____
(Print or Type)

Participant Number:

_____

Name of Proxy Holder or Agent for Nominee (if applicable):

_____
(Print or Type)

_____

Signature: _____

Name of Signatory: _____

Title: _____

Address: _____

_____

_____

Date Completed: _____

Email Address: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* IN THE ENVELOPE PROVIDED VIA FIRST CLASS MAIL, OVERNIGHT COURIER, HAND DELIVERY, OR VIA ELECTRONIC MAIL SERVICE TO:**

**PHI Ballot Processing**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street (Park Avenue), Suite 1440**
**New York, NY 10165**
**phiballots@primeclerk.com**

**IF THE BALLOTING AGENT DOES NOT**
**_ACTUALLY RECEIVE_ THIS CLASS 5 MASTER BALLOT**
**ON OR BEFORE JULY 19, 2019, AT 5:00 P.M. (CDT) (AND IF THE VOTING**
**DEADLINE IS NOT EXTENDED), THE VOTES TRANSMITTED**
**BY THIS CLASS 5 MASTER BALLOT MAY BE COUNTED TOWARD**
**CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

8

| Class 5 — Unsecured Notes Claims |
| :---: |

## INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Master Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Master Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims that votes on the Plan and at least two-thirds in amount of the Interests in each class of Interests voting on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. You should immediately distribute the Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Class 5 Unsecured Notes Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Beneficial Holder Ballot returned to you by a Beneficial Holder of a Class 5 Unsecured Notes Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Balloting Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **July 19, 2019, at 5:00 p.m. (CDT)**, or otherwise validate the Master Ballot in a manner acceptable to the Balloting Agent.

4. If you are transmitting the votes of any Beneficial Holder of Class 5 Unsecured Notes Claims other than yourself, you may either:

   (a) **"Pre-validate" the individual Class 5 Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class 5 Unsecured Notes Claim for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Balloting Agent in the return envelope to be provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder's Ballot by signing the Beneficial Holder Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class 5 Unsecured Notes Claim held by the Nominee for such Beneficial Holder; and then forwarding the Beneficial Holder Ballot together with the Solicitation Package to the Beneficial Holder. The Beneficial Holder**

**then completes the information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to the Balloting Agent. A list of the Beneficial Holders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; or**

(b) **Within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 5 Unsecured Notes Claim for voting along with a return envelope provided by and addressed to the Nominee, with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective owners on a Master Ballot that will be provided to the Nominee separately by the Balloting Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Balloting Agent. The Nominee should advise the Beneficial Holder to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Balloting Agent so that the Master Ballot is actually received by the Balloting Agent on or before the Voting Deadline.**

5. With regard to any Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Balloting Agent by the Voting Deadline; and (d) retain such Beneficial Holder Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court.

6. The Master Ballot *must* be returned to the Balloting Agent so as to be *actually received* by the Balloting Agent on or before the Voting Deadline. **The Voting Deadline is July 19, 2019, at 5:00 p.m. (CDT).**

7. If a Master Ballot is received *after* the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors. Additionally, **the following Master Ballots will *not* be counted**:

(a) **any Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;**

(b) **any Master Ballot cast by a Party that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan;**

(c) **any Master Ballot sent by facsimile or any electronic means other than electronic mail;**

(d) **any unsigned Master Ballot;**

(e) **any Master Ballot that does not contain an original signature; *provided, however*, that any Master Ballot submitted via electronic mail shall be deemed to contain an original signature;**

10

    **(f) any Master Ballot not marked to accept or reject the Plan; and**

    **(g) any Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.**

8. The method of delivery of Master Ballots to the Balloting Agent is at the election and risk of each Nominee of a Class 5 Unsecured Notes Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Balloting Agent *actually receives* the originally executed Master Ballot. In all cases, Beneficial Holders and Nominees should allow sufficient time to assure timely delivery.

9. If a Beneficial Holder or Nominee holds a Claim or Interest in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Beneficial Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

10. If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Holder Ballot belonging to a Beneficial Holder of a Claim or Interest prior to the Voting Deadline, the latest, timely received, and properly completed Master Ballot will supersede and revoke any earlier received Master Ballots.

11. The Master Ballot does ***not*** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

12. <u>**Please be sure to sign and date the Master Ballot**</u>. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Balloting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13. If you are both the Nominee and the Beneficial Holder of any of the Class 5 Unsecured Notes Claims and you wish to vote such Class 5 Unsecured Notes Claims, you may return a Beneficial Holder Ballot or Master Ballot for such Class 5 Unsecured Notes Claims and you must vote your entire Class 5 Unsecured Notes Claims to either to accept or reject the Plan and may not split your vote. Accordingly, a Beneficial Holder Ballot, other than a Master Ballot with the votes of multiple Beneficial Holders, which partially rejects and partially accepts the Plan will not be counted.

14. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims or Interests held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim or Interest in such Class, and all votes related to such Claim or Interest will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims or Interests in a particular Class, these Claims or Interests will not be aggregated and will not be treated as if such creditor held one Claim or Interest in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

15. The following additional rules shall apply to Master Ballots:

(a) votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class 5 Unsecured Notes Claims as of the Voting Record Date, as evidenced by the record and depository listings;

(b) votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Holder Ballots, will not be counted in excess of the record amount of the Class 5 Unsecured Notes Claims held by such Nominee;

(c) to the extent that conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Nominee;

(d) to the extent that over-votes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the over-vote, but only to the extent of the Nominee's position in Class 5 Unsecured Notes Claims; and

(e) for purposes of tabulating votes, each Holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Balloting Agent may be asked to adjust such principal amount to reflect the Claim or Interest amount.

### PLEASE MAIL YOUR MASTER BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT THE FOLLOWING NUMBER:**

### US/CANADA TOLL FREE: (844) 216-8745

### INTERNATIONAL: (347) 761-3249

### OR EMAIL PHIBALLOTS@PRIMECLERK.COM.

---

**IF THE BALLOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS JULY 19, 2019, AT 5:00 P.M. (CDT) (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CLASS 5 BENEFICIAL HOLDER BALLOT FOR UNSECURED NOTES CLAIMS TO
ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 19, 2019 AT
5:00 P.M. (CDT).**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER
TO BE COUNTED.**

**IF, HOWEVER, YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR
NOMINEE, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE TO CAST
YOUR VOTE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE
YOUR VOTE AND TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH
MASTER BALLOT MUST BE RETURNED TO THE BALLOTING AGENT BY THE
VOTING DEADLINE IN ORDER FOR YOUR VOTE TO BE COUNTED.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 18, 2019 [Docket No. 687] (as may be amended, modified, and/or supplemented, the "Plan")[2], submitted by the above-captioned debtors and debtors in possession (the "Debtors") and described in the related *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may be amended, modified, and/or supplemented, the "Disclosure Statement"), approved by order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") on [●], 2019 [Docket No. ●] (the "Disclosure Statement

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2]     Capitalized terms used herein or in the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Class 5 ballot for Beneficial Holders[3] (the "Class 5 Beneficial Holder Ballot") because you are a Beneficial Holder of an Unsecured Notes Claim in Class 5 (the "Class 5 Unsecured Notes Claims") as of June 18, 2019 (or the date that is the first day of the Disclosure Statement Hearing) (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Class 5 Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), in accordance with the instructions provided by your Nominee, who will then submit a master ballot (the "Master Ballot") on behalf of the Beneficial Holders of Class 5 Unsecured Notes Claims.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 5 Beneficial Holder Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee from the Bankruptcy Court's website, http://www.txnb.uscourts.gov; or (b) **at no charge** from Prime Clerk LLC (the "Balloting Agent") by, (i) accessing the Debtors' restructuring website at https://cases.primeclerk.com/phi/, (ii) by contacting the Claims Agent at the following address, telephone number, or email address: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (844) 216-8745 (domestic); (347) 761-3249 (international); phiballots@primeclerk.com.

This Class 5 Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 5 Beneficial Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact the Balloting Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 5, Unsecured Notes Claims, under the Plan. If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

In order for your vote to count, your Nominee must receive this Class 5 Beneficial Holder Ballot in sufficient time for your Nominee to include your vote on a Master Ballot that must be received by the Balloting Agent on or before the Voting Deadline, which is **July 19, 2019, at 5:00 p.m. (CDT)**. Please allow sufficient time for your vote to be included on the Master Ballot completed by your Nominee. If a Master Ballot recording your vote is not received by the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count.

---

[3]     A "Beneficial Holder" means a beneficial owner of publicly-traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees holding through the respective indenture trustee.

## **IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 5**

If a Holder of an Allowed Class 5 General Unsecured Claim furnishes a Citizenship Declaration to the Debtors at least 10 business days prior to the Effective Date (the "Certification Deadline") and, after review, the Debtors, in their reasonable discretion, accept such Citizenship Declaration as reasonable proof to establish that such Holder is a U.S. Citizen, such Holder will receive New Common Stock representing all of such holder's Pro Rata share of the New Common Stock Distribution as of the Effective Date; provided, however, that if such Holder is a Non-U.S. Citizen, or if the Holder fails to furnish a Citizenship Declaration to the Debtors on or before the Certification Deadline, or if the Citizenship Declaration of such Holder has not been accepted or has been rejected by the Debtors in their reasonable discretion on or before the date that is 5 Business Days after the Certification Deadline, such Holder will be treated as a Non-U.S. Citizen for all purposes hereunder and under the Plan. In connection with the Debtors' review of any Citizenship Declaration, the Debtors will have the right to require the Holder furnishing the Citizenship Declaration to provide the Debtors with such documentation and other information as they may reasonably request as proof confirming that the holder is a U.S. Citizen. The Debtors will treat all such documentation and information provided by a Holder as confidential; provided, that, the Debtors will share such information with the Creditors' Committee on a confidential basis and will work cooperatively with the Creditors' Committee with respect to citizenship issues. You will receive a separate notice and election form from your Nominee regarding the election and process for completing the form.

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder of Unsecured Note Claims in Class 5 in the following aggregate unpaid principal amount (insert amount in box below, unless otherwise completed by your Nominee):

$\boxed{\text{\$_____}}$

3

**Item 2**. Vote on Plan.

The Beneficial Holder of the Class 5 Unsecured Notes Claim against the Debtor(s) set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**Item 3**. Important information regarding the Third Party Release.

**Article IX.B.2 of the Plan contains the releases by Non-Debtor Releasing Parties:**

Except as otherwise expressly provided in this Plan, the Settlement Stipulation and the Equity Committee Settlement Stipulation, effective as of the Effective Date, to the fullest extent permitted by applicable law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party (together with the Debtor Releasing Parties, the "Releasing Parties") will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to each of the Released Parties (and each such Released Party so released shall be deemed forever released, waived and discharged by the Non-Debtor Releasing Parties) (the "Third Party Release") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the Disclosure Statement, this Plan, the Settlement Stipulation, the Equity Committee Settlement Stipulation and the Restructuring Documents, (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, (iii) the business or contractual arrangements between any Debtor and any Released Parties, (iv) the negotiation, formulation or preparation of this Plan, the Disclosure Statement, the Settlement Stipulation, the Equity Committee Settlement Stipulation, the Restructuring Documents, or related agreements, instruments or other documents, (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale or rescission of the purchase or sale of any Claim or Equity Interest of the Debtors or the Reorganized Debtors, and/or (vii) the Confirmation or Consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; **provided**, **however**, that the foregoing provisions of this Third Party Release shall

**not operate to waive, release or otherwise impair: (i) any Causes of Action arising from willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; (ii) any of the indebtedness and obligations of the Debtors and/or the Reorganized Debtors incurred under this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; (iii) the rights of such Non-Debtor Releasing Party to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; and/or (iv) any objections with respect to any Retained Professional's final fee application or Accrued Professional Compensation Claims in these Chapter 11 Cases.**

**The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released under this Third Party Release.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims released by the Third Party Release; (iii) in the best interest of the Debtors and all Holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; and (v) given and made after due notice and opportunity for hearing.**

**Notwithstanding anything to the contrary in this Plan or otherwise, any agreement of the Creditors' Committee, the Unsecured Notes Indenture Trustee, or Houlihan Lokey Capital, Inc. to not "opt out" of the voluntary releases contained in this Plan shall be immediately and automatically, without further action of any party, revoked and changed to be "opt out" in the event that either (a) the Plan has been amended, modified, or supplemented in a manner inconsistent with the Settlement Stipulation (absent the consent of each of the Creditors' Committee, the Unsecured Notes Indenture Trustee and Houlihan Lokey Capital, Inc.) or (b) the Settlement Stipulation is no longer in effect.**

**The Beneficial Holder of the Class 5 Unsecured Notes Claim set forth in Item 1 elects to:**

☐ **OPT OUT** of the Third Party Release

5

**Item 4. Other Class 5 Beneficial Holder Ballots Submitted.** By returning this Beneficial Holder Ballot, the Holder of the Class 5 Unsecured Notes Claims identified in Item 1 certifies that (a) this Beneficial Holder Ballot is the only Beneficial Holder Ballot submitted for Notes Claims owned by such Holder, except as identified in the following table, and (b) *all* Beneficial Holder Ballots submitted by the Holder indicate the same vote to accept or reject the Plan that the Holder has indicated in Item 2 of this Beneficial Holder Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED <u>OTHER</u>
CLASS 5 UNSECURED NOTES CLAIMS ON OTHER BENEFICIAL HOLDER BALLOTS**

| Account Number | Name of Registered Holder or Nominee | Principal Amount of Other Class 5 Unsecured Notes Claims | CUSIP of Other Class 5 Unsecured Notes Claims Voted |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |

**Item 5. Certifications.**

By signing this Class 5 Beneficial Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a) that, as of the Voting Record Date, either: (i) the Entity is the Holder of the Unsecured Notes Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Unsecured Notes Claims being voted;

(b) that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) that the Entity has cast the same vote with respect to all Unsecured Notes Claims in a single Class; and

(d) that no other Class 5 Beneficial Holder Ballots with respect to the amount of the Unsecured Notes Claims identified in Item 1 have been cast or, if any other Class 5 Beneficial Holder Ballots have been cast with respect to such Unsecured Notes Claims, then any such earlier Class 5 Beneficial Holder Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* IN THE ENVELOPE
PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS
PROVIDED BY YOUR NOMINEE.**

**IF THE BALLOTING AGENT DOES NOT *ACTUALLY RECEIVE* THE CLASS
5 MASTER BALLOT SUBMITTED ON YOUR BEHALF WHICH REFLECTS YOUR
VOTE ON OR BEFORE JULY 19, 2019, AT 5:00 P.M. (CDT) (AND IF THE VOTING
DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS
CLASS 5 BENEFICIAL HOLDER BALLOT MAY BE COUNTED TOWARD
CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

7

| Class 5 — Unsecured Notes Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS CLASS 5 BENEFICIAL HOLDER BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Class 5 Beneficial Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 5 Beneficial Holder Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims that votes on the Plan and at least two-thirds in amount of the Interests in each class of Interests voting on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your vote is counted, you must submit your Class 5 Beneficial Holder Ballot to your Nominee so that your Nominee can submit a Master Ballot that reflects your vote so that the Master Ballot is actually received by the Balloting Agent by the Voting Deadline. You may instruct your Nominee to vote on your behalf in the Master Ballot as follows: (a) complete the Class 5 Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 5 Beneficial Holder Ballot; and (c) sign and return the Class 5 Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee. The Voting Deadline for the receipt of Master Ballots by the Balloting Agent is **July 19, 2019, at 5:00 p.m. (CDT)**. Your completed Class 5 Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Balloting Agent on or before the Voting Deadline.

4. **The following Class 5 Beneficial Holder Ballots submitted to your Nominee will *not* be counted**:

   (a) **any Class 5 Beneficial Holder Ballot that partially rejects and partially accepts the Plan;**

   (b) **Class 5 Beneficial Holder Ballots sent to the Debtors, the Debtors' agents, any indenture trustee, or the Debtors' financial or legal advisors;**

   (c) **Class 5 Beneficial Holder Ballots sent by facsimile or any electronic means other than in accordance with the instructions of your Nominee;**

   (d) **any Class 5 Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;**

   (e) **any Class 5 Beneficial Holder Ballot cast by an Entity that does not hold a Claim in Class 5;**

   (f) **any unsigned Class 5 Beneficial Holder Ballot;**

8

**(g)** any Class 5 Beneficial Holder Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

**(h)** any non-original Class 5 Beneficial Holder Ballot; and/or

**(i)** any Class 5 Beneficial Holder Ballot not marked to accept or reject the Plan or any Class 5 Beneficial Holder Ballot marked both to accept and reject the Plan.

5. If your Class 5 Beneficial Holder Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtors determine otherwise. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery of your Class 5 Beneficial Holder Ballot to your Nominee. No Class 5 Beneficial Holder Ballot should be sent to any of the Debtors, the Debtors' agents, the Debtors' financial or legal advisors, and if so sent will not be counted.

6. If you deliver multiple Class 5 Beneficial Holder Ballots to the Nominee with respect to the same Claim prior to the Voting Deadline, the last received valid Class 5 Beneficial Holder Ballot timely received will supersede and revoke any earlier received Class 5 Beneficial Holder Ballots.

7. You must vote all of your Claims within Class 5 either to accept or reject the Plan and may **not** split your vote. Further, if a Holder has multiple Claims within Class 5, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Claims within Class 5 for the purpose of counting votes.

8. This Class 5 Beneficial Holder Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9. **Please be sure to sign and date your Class 5 Beneficial Holder Ballot**. If you are signing a Class 5 Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Balloting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 5 Beneficial Holder Ballot.

10. If you hold Claims or Interests in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each ballot votes *only* your Claims or Interests indicated on that ballot, so please complete and return each ballot that you receive.

11. The Class 5 Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims and Interests should not surrender certificates or instruments representing or evidencing their Claims or Interests, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a ballot.

9

**PLEASE MAIL YOUR MASTER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT THE FOLLOWING NUMBER:**

**US/CANADA TOLL FREE: (844) 216-8745**

**INTERNATIONAL: (347) 761-3249**

**OR EMAIL PHIBALLOTS@PRIMECLERK.COM.**

---

**IF THE BALLOTING AGENT DOES NOT *ACTUALLY RECEIVE* THE MASTER BALLOT ON OR BEFORE JULY 19, 2019, AT 5:00 P.M. (CDT), AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 5 BENEFICIAL HOLDER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

---

EAST\166124667

## EXHIBIT 1-E TO DISCLOSURE STATEMENT ORDER

### Class 6 Ballot (Convenience Claims)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CLASS 6 BALLOT FOR CONVENIENCE CLAIMS
TO ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS
JULY 19, 2019 AT 5:00 P.M. (CDT).**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS
DEADLINE IN ORDER TO BE COUNTED.**

---

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 18, 2019 [Docket No. 687] (as may be amended, modified, and/or supplemented, the "Plan")[2], submitted by the above-captioned debtors and debtors in possession (the "Debtors") and described in the related *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may be amended, modified, and/or supplemented, the "Disclosure Statement"), approved by order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") on [●], 2019 [Docket No. ●] (the "Disclosure Statement Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. Copies of the Plan and Disclosure Statement are available for inspection during regular business hours, Monday through Friday, 8:30 a.m. to 4:30 p.m., excluding federal holidays, at the office of the clerk of the Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 1254, Dallas, TX 75242-1496. In addition, copies of the Plan and the Disclosure Statement may be obtained: (i) by visiting the website maintained by the Debtors' claims and noticing agent in the chapter 11 cases, at https://cases.primeclerk.com/phi/; (ii) by contacting the Claims Agent at the following address, telephone number, or email address: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (844) 216-8745 (domestic); (347) 761-3249 (international); phiballots@primeclerk.com; or (iii) for a fee,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2] Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

from the Bankruptcy Court's website, https://www.txnb.uscourts.gov/, for a fee. A PACER login and password are required to access documents on the Bankruptcy Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. You should review the Disclosure Statement and the Plan carefully before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Allowed Claims in each Class of Claims that actually vote on the Plan[3] and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address by first class mail, overnight courier or hand delivery: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165, so that it is received by the deadline indicated above. Alternatively, Ballots may be returned by electronic, online transmission by clicking on the "Submit E-Ballot" section on the Debtors' case website (https://cases.primeclerk.com/phi/) and following the directions set forth on the website regarding submitting your E-Ballot as described more fully below. Please choose only one method of return for your Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

Ballots submitted by facsimile or email will not be counted.

**NOTICE REGARDING CERTAIN RELEASE,
EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:

Article IX.B.2. of the Plan contains the following releases by Non-Debtor Releasing Parties:

**Except as otherwise expressly provided in this Plan, the Settlement Stipulation and the Equity Committee Settlement Stipulation, effective as of the Effective Date, to the fullest extent permitted by applicable law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party (together with the Debtor Releasing Parties, the "Releasing Parties") will be deemed to have conclusively, absolutely,**

---

[3]  If no Holders of Claims in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims in such Class.

unconditionally, irrevocably, and forever provided a full discharge, waiver and release to each of the Released Parties (and each such Released Party so released shall be deemed forever released, waived and discharged by the Non-Debtor Releasing Parties) (the "**Third Party Release**") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the Disclosure Statement, this Plan, the Settlement Stipulation, the Equity Committee Settlement Stipulation and the Restructuring Documents, (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, (iii) the business or contractual arrangements between any Debtor and any Released Parties, (iv) the negotiation, formulation or preparation of this Plan, the Disclosure Statement, the Settlement Stipulation, the Equity Committee Settlement Stipulation, the Restructuring Documents, or related agreements, instruments or other documents, (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale or rescission of the purchase or sale of any Claim or Equity Interest of the Debtors or the Reorganized Debtors, and/or (vii) the Confirmation or Consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; provided, however, that the foregoing provisions of this Third Party Release shall not operate to waive, release or otherwise impair: (i) any Causes of Action arising from willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; (ii) any of the indebtedness and obligations of the Debtors and/or the Reorganized Debtors incurred under this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; (iii) the rights of such Non-Debtor Releasing Party to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; and/or (iv) any objections with respect to any Retained Professional's final fee application or Accrued Professional Compensation Claims in these Chapter 11 Cases.

The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released under this Third Party Release.

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims released by the Third Party Release; (iii) in the best interest of the Debtors and all Holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; and (v) given and made after due notice and opportunity for hearing.**

**Notwithstanding anything to the contrary in this Plan or otherwise, any agreement of the Creditors' Committee, the Unsecured Notes Indenture Trustee, or Houlihan Lokey Capital, Inc. to not "opt out" of the voluntary releases contained in this Plan shall be immediately and automatically, without further action of any party, revoked and changed to be "opt out" in the event that either (a) the Plan has been amended, modified, or supplemented in a manner inconsistent with the Settlement Stipulation (absent the consent of each of the Creditors' Committee, the Unsecured Notes Indenture Trustee and Houlihan Lokey Capital, Inc.) or (b) the Settlement Stipulation is no longer in effect.**

**OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE IX OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, DISCHARGE, INJUNCTION AND RELATED PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class Vote.** The undersigned, a Holder of a Class 6 Claim against the Debtor indicated below, in the voting amount set forth below, votes to (check <u>one</u> box only):

☐ **Accept** the Plan. ☐ **Reject** the Plan.

Voting Amount: $ _____

**Item 2. Optional Release Election.** Check this box if you elect <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan. Election to withhold consent is at your option. If you do not check the box below opting out of the release provisions in Article IX.B.2 of the Plan, you will be deemed to consent to the releases set forth in Article IX.B.2. of the Plan with respect to the Released Parties.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan.

**Item 3.  Acknowledgments.**  By signing and returning this Ballot, the undersigned acknowledges receipt of the Disclosure Statement (including the exhibits thereto) and the other applicable solicitation materials and certifies that as of the Voting Record Date the undersigned is the Holder of the Claim set forth in Item 1 above and has the power and authority to vote to accept or reject the Plan.  To the extent the undersigned is voting on behalf of an actual Holder of the Claim set forth in Item 1 above, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request.  The undersigned also acknowledges that the solicitation and tabulation of votes on the Plan is subject to the terms and conditions of the Disclosure Statement and the Disclosure Statement Order.  The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

| |
|---|
| Name of Creditor |

| |
|---|
| Signature |

| |
|---|
| If by Authorized Agent, Name and Title |

| |
|---|
| Name of Institution |

| |
|---|
| Street Address |

| |
|---|
| City, State, Zip Code |

| |
|---|
| Taxpayer Identification Number |

| |
|---|
| Telephone Number |

| |
|---|
| Email Address |

| |
|---|
| Date Completed |

## <u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Prime Clerk LLC (the "<u>Claims Agent</u>") by **<u>ONLY ONE</u>** of the following approved return methods:

<u>By first class mail, overnight courier or hand delivery</u>:

> **PHI Ballot Processing**
> **c/o Prime Clerk LLC**
> **One Grand Central Place**
> **60 East 42nd Street (Park Avenue), Suite 1440**
> **New York, NY 10165**

<u>By electronic, online submission</u>:

> Please visit https://cases.primeclerk.com/phi/**.** Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should <u>not</u> also return a hard copy of your Ballot.
>
> **IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized E-Ballot:**
>
>
> **Unique E-Ballot ID#: _____**

<u>Ballots submitted by facsimile or email will not be counted.</u>

**Ballots must be *received* by the Claims Agent on or before July 19, 2019 at 5:00 p.m. (CDT) (the "<u>Voting Deadline</u>")**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion.  An envelope addressed to the Claims Agent is enclosed for your convenience (which address may differ from the address provided in the box above).  <u>Ballots submitted by facsimile or email will not be counted</u>.  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

1.  You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept

and partially reject the Plan likewise will not be counted. **Further, inconsistent duplicate Ballots, submitted simultaneously with respect to the same claim shall not be counted.**

2. Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **July 9, 2019 at 5:00 p.m. (CDT) (the "3018 Motion Deadline")**. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

3. The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or Equity Interest.

4. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

5. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6. PLEASE RETURN YOUR BALLOT PROMPTLY. THE CLAIMS AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL OR EMAIL THE CLAIMS AGENT AT (844) 216-8745 (DOMESTIC); (347) 761-3249 (INTERNATIONAL) OR PHIBALLOTS@PRIMECLERK.COM. DO NOT CONTACT THE CLAIMS AGENT FOR LEGAL ADVICE. THE CLAIMS AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

## EXHIBIT 1-F TO DISCLOSURE STATEMENT ORDER

**Class 8 Ballot (Subordinated Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CLASS 8 BALLOT FOR SUBORDINATED CLAIMS
TO ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 19, 2019, AT 5:00 P.M. (CDT).**
>
> **YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 18, 2019 [Docket No. 687] (as may be amended, modified, and/or supplemented, the "<u>Plan</u>")[2], submitted by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") and described in the related *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may be amended, modified, and/or supplemented, the "<u>Disclosure Statement</u>"), approved by order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Bankruptcy Court</u>") on June [●], 2019 [Docket No. ●] (the "<u>Disclosure Statement Order</u>"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. Copies of the Plan and Disclosure Statement are available for inspection during regular business hours, Monday through Friday, 8:30 a.m. to 4:30 p.m., excluding federal holidays, at the office of the clerk of the Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 1254, Dallas, TX 75242-1496. In addition, copies of the Plan and the Disclosure Statement may be obtained: (i) by visiting the website maintained by the Debtors' claims and noticing agent in the chapter 11 cases, at https://cases.primeclerk.com/phi/; (ii) by contacting the Claims Agent at the following address, telephone number, or email address: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (844) 216-8745 (domestic); (347) 761-3249 (international); phiballots@primeclerk.com; or (iii) for a fee,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2] Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

from the Bankruptcy Court's website, https://www.txnb.uscourts.gov/.  A PACER login and password are required to access documents on the Bankruptcy Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  You should review the Disclosure Statement and the Plan carefully before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Allowed Claims in each Class of Claims that actually vote on the Plan[3] and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq.</u> (as amended, the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address by first class mail, overnight courier or hand delivery: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165, so that it is received by the deadline indicated above.  Alternatively, Ballots may be returned by electronic, online transmission by clicking on the "Submit E-Ballot" section on the Debtors' case website (https://cases.primeclerk.com/phi/) and following the directions set forth on the website regarding submitting your E-Ballot as described more fully below.  Please choose only one method of return for your Ballot.  If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

<u>Ballots submitted by facsimile or email will not be counted.</u>

**NOTICE REGARDING CERTAIN RELEASE,
<u>EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN</u>**

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:

Article IX.B.2. of the Plan contains the following releases by Non-Debtor Releasing Parties:

**Except as otherwise expressly provided in this Plan, the Settlement Stipulation and the Equity Committee Settlement Stipulation, effective as of the Effective Date, to the fullest extent permitted by applicable law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party (together with the Debtor Releasing Parties, the "<u>Releasing Parties</u>") will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to**

---

[3]    If no Holders of Claims in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims in such Class.

each of the Released Parties (and each such Released Party so released shall be deemed forever released, waived and discharged by the Non-Debtor Releasing Parties) (the "**Third Party Release**") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the Disclosure Statement, this Plan, the Settlement Stipulation, the Equity Committee Settlement Stipulation and the Restructuring Documents, (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, (iii) the business or contractual arrangements between any Debtor and any Released Parties, (iv) the negotiation, formulation or preparation of this Plan, the Disclosure Statement, the Settlement Stipulation, the Equity Committee Settlement Stipulation, the Restructuring Documents, or related agreements, instruments or other documents, (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale or rescission of the purchase or sale of any Claim or Equity Interest of the Debtors or the Reorganized Debtors, and/or (vii) the Confirmation or Consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; **provided**, **however**, that the foregoing provisions of this Third Party Release shall not operate to waive, release or otherwise impair: (i) any Causes of Action arising from willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; (ii) any of the indebtedness and obligations of the Debtors and/or the Reorganized Debtors incurred under this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; (iii) the rights of such Non-Debtor Releasing Party to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; and/or (iv) any objections with respect to any Retained Professional's final fee application or Accrued Professional Compensation Claims in these Chapter 11 Cases.

The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released under this Third Party Release.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the

**Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims released by the Third Party Release; (iii) in the best interest of the Debtors and all Holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; and (v) given and made after due notice and opportunity for hearing.**

**Notwithstanding anything to the contrary in this Plan or otherwise, any agreement of the Creditors' Committee, the Unsecured Notes Indenture Trustee, or Houlihan Lokey Capital, Inc. to not "opt out" of the voluntary releases contained in this Plan shall be immediately and automatically, without further action of any party, revoked and changed to be "opt out" in the event that either (a) the Plan has been amended, modified, or supplemented in a manner inconsistent with the Settlement Stipulation (absent the consent of each of the Creditors' Committee, the Unsecured Notes Indenture Trustee and Houlihan Lokey Capital, Inc.) or (b) the Settlement Stipulation is no longer in effect.**

**OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE IX OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, DISCHARGE, INJUNCTION AND RELATED PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class Vote.** The undersigned, a Holder of a Class 8 Claim against the Debtor indicated below, in the voting amount set forth below, votes to (check <u>one</u> box only):

☐ **Accept** the Plan.          ☐ **Reject** the Plan.

Voting Amount:     $ _____

**Item 2. Optional Release Election.** Check this box if you elect <u>not</u> to grant the releases contained in article IX.B.2. of the Plan. Election to withhold consent is at your option. If you do not check the box below opting out of the release provisions in Article IX.B.2 of the Plan, you will be deemed to consent to the releases set forth in Article IX.B.2. of the Plan with respect to the Released Parties.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan.

**Item 3. Acknowledgments.** By signing and returning this Ballot, the undersigned acknowledges

receipt of the Disclosure Statement (including the exhibits thereto) and the other applicable solicitation materials and certifies that as of the Voting Record Date the undersigned is the Holder of the Claim set forth in Item 1 above and has the power and authority to vote to accept or reject the Plan. To the extent the undersigned is voting on behalf of an actual Holder of the Claim set forth in Item 1 above, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request. The undersigned also acknowledges that the solicitation and tabulation of votes on the Plan is subject to the terms and conditions of the Disclosure Statement and the Disclosure Statement Order. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Taxpayer Identification Number

_____
Telephone Number

_____
Email Address

_____
Date Completed

## <u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Prime Clerk LLC (the "<u>Claims Agent</u>") by **<u>ONLY ONE</u>** of the following approved return methods:

<u>By first class mail, overnight courier or hand delivery</u>:

**PHI Ballot Processing**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street (Park Avenue), Suite 1440**
**New York, NY 10165**

<u>By electronic, online submission</u>:

Please visit https://cases.primeclerk.com/phi/**.**  Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should <u>not</u> also return a hard copy of your Ballot.

**IMPORTANT NOTE:    You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#: _____**

<u>Ballots submitted by facsimile or email will not be counted</u>.

**Ballots must be *received* by the Claims Agent on or before July 19, 2019 at 5:00 p.m. (CDT) (the "<u>Voting Deadline</u>")**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion.  An envelope addressed to the Claims Agent is enclosed for your convenience (which address may differ from the address provided in the box above).  <u>Ballots submitted by facsimile or email will not be counted</u>.  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

7.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept

and partially reject the Plan likewise will not be counted.  **Further, inconsistent duplicate Ballots, submitted simultaneously with respect to the same claim shall not be counted.**

8.  Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **July 9, 2019 at 5:00 p.m. (CDT) (the "3018 Motion Deadline")**.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

9.  The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or Equity Interest.

10.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

11.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

12.  PLEASE RETURN YOUR BALLOT PROMPTLY.  THE CLAIMS AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL OR EMAIL THE CLAIMS AGENT AT (844) 216-8745 (DOMESTIC);          (347)          761-3249          (INTERNATIONAL)          OR PHIBALLOTS@PRIMECLERK.COM. DO NOT CONTACT THE CLAIMS AGENT FOR LEGAL ADVICE.  THE CLAIMS AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**<u>EXHIBIT 1-G TO DISCLOSURE STATEMENT ORDER</u>**

**Class 10 Ballots (Existing PHI Interests) (Master Ballot, Beneficial Holder Ballot and Registered Holder Ballot)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CLASS 10 MASTER BALLOT FOR EXISTING PHI INTERESTS TO ACCEPT OR
REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS
JULY 19, 2019 AT 5:00 P.M. (CDT).**

**YOUR BALLOT MUST BE _ACTUALLY RECEIVED_ BY THIS
DEADLINE IN ORDER TO BE COUNTED.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 18, 2019 [Docket No. 687] (as may be amended, modified, and/or supplemented, the "Plan")[2], submitted by the above-captioned debtors and debtors in possession (the "Debtors") and described in the related *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may be amended, modified, and/or supplemented, the "Disclosure Statement"), approved by order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") on [•], 2019 [Docket No. •] (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this master ballot (this "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[3] of Class 10 Existing PHI Interests, as of June 18, 2019 (or the date that is the first day of the Disclosure Statement Hearing) (the "Voting Record Date").

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2]     Capitalized terms used herein or in the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

[3]     A "Beneficial Holder" means a beneficial owner of publicly-traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees holding through the respective indenture trustee.

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy Holder of a Nominee for certain Beneficial Holders' Existing PHI Interests in Class 10 (the "Class 10 Existing PHI Interests"), to transmit to the Balloting Agent (as defined below) the votes of such Beneficial Holders in respect of their Class 10 Existing PHI Interests to accept or reject the Plan. This ballot may not be used for any purpose other than for submitting votes with respect to the Plan.**

The rights and treatment for each Class are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Master Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee from the Bankruptcy Court's website, http://www.txnb.uscourts.gov; or (b) **at no charge** from Prime Clerk LLC (the "Balloting Agent") by, (i) accessing the Debtors' restructuring website at https://cases.primeclerk.com/phi/, (ii) by contacting the Claims Agent at the following address, telephone number, or email address: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (844) 216-8745 (domestic); (347) 761-3249 (international); phiballots@primeclerk.com.

This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Balloting Agent *immediately* at the address, telephone number, or email address set forth above.

**YOUR VOTE ON THIS MASTER BALLOT FOR CERTAIN BENEFICIAL HOLDERS OF EXISTING PHI INTERESTS IN CLASS 10 SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM SUCH BENEFICIAL HOLDERS HAVE A CLASS 10 EXISTING PHI INTEREST.**

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Balloting Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON JULY 19, 2019, AT 5:00 P.M. (CDT).**

**Item 1.** **Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of the Class 10 Existing PHI Interests listed in Item 2 below, and is the record Holder of such bonds, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered Holder of the aggregate principal amount of Class 10 Existing PHI Interests listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Holder, that is the registered Holder of the aggregate principal amount of Class 10 Existing PHI Interests listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of the Class 10 Existing PHI Interests described in Item 2.

**Item 2.  Class 10 Existing PHI Interests Vote on Plan**

The undersigned transmits the following votes, and releases of Beneficial Holders of Class 10 Existing PHI Interests and certifies that the following Beneficial Holders of Class 10 Existing PHI Interests, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such Interests as of the Voting Record Date and have delivered to the undersigned, as Nominee, ballots (the "Ballots") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Holder must vote all such Beneficial Holder's Class 10 Existing PHI Interests to accept or reject the Plan and may not split such vote.  Any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

3

| Your Customer Account Number for Each Beneficial Holder of Class 10 Existing PHI Interests | Interests Held as of Voting Record Date | Item 2<br><br>Indicate the vote cast on the Beneficial Holder Ballot by checking the appropriate box below. | | | Item 3<br><br>If the box in Item 3 of the Beneficial Holder Ballot was completed, check the box in the column below<br><br>OPT OUT of the Third Party Release |
|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | |
| 1 | $ | ☐ | | ☐ | |
| 2 | $ | ☐ | | ☐ | |
| 3 | $ | ☐ | | ☐ | |
| 4 | $ | ☐ | | ☐ | |
| 5 | $ | ☐ | | ☐ | |
| 6 | $ | ☐ | | ☐ | |
| TOTALS | $ | | | | |

**Item 3.** Important information regarding the Third Party Release.

**Article IX.B.2 of the Plan contains the releases by Non-Debtor Releasing Parties:**

**Except as otherwise expressly provided in this Plan, the Settlement Stipulation and the Equity Committee Settlement Stipulation, effective as of the Effective Date, to the fullest extent permitted by applicable law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party (together with the Debtor Releasing Parties, the "Releasing Parties") will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to each of the Released Parties (and each such Released Party so released shall be deemed forever released, waived and discharged by the Non-Debtor Releasing Parties) (the "Third Party Release") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the Disclosure Statement, this Plan, the Settlement Stipulation, the Equity Committee**

4

Settlement Stipulation and the Restructuring Documents, (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, (iii) the business or contractual arrangements between any Debtor and any Released Parties, (iv) the negotiation, formulation or preparation of this Plan, the Disclosure Statement, the Settlement Stipulation, the Equity Committee Settlement Stipulation, the Restructuring Documents, or related agreements, instruments or other documents, (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale or rescission of the purchase or sale of any Claim or Equity Interest of the Debtors or the Reorganized Debtors, and/or (vii) the Confirmation or Consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; provided, however, that the foregoing provisions of this Third Party Release shall not operate to waive, release or otherwise impair: (i) any Causes of Action arising from willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; (ii) any of the indebtedness and obligations of the Debtors and/or the Reorganized Debtors incurred under this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; (iii) the rights of such Non-Debtor Releasing Party to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; and/or (iv) any objections with respect to any Retained Professional's final fee application or Accrued Professional Compensation Claims in these Chapter 11 Cases.

The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released under this Third Party Release.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims released by the Third Party Release; (iii) in the best interest of the Debtors and all Holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; and (v) given and made after due notice and opportunity for hearing.

Notwithstanding anything to the contrary in this Plan or otherwise, any agreement of the Creditors' Committee, the Unsecured Notes Indenture Trustee, or Houlihan Lokey Capital, Inc. to not "opt out" of the voluntary releases contained in this Plan shall be immediately and automatically, without further action of any party, revoked and changed to be "opt out"

> **in the event that either (a) the Plan has been amended, modified, or supplemented in a manner inconsistent with the Settlement Stipulation (absent the consent of each of the Creditors' Committee, the Unsecured Notes Indenture Trustee and Houlihan Lokey Capital, Inc.) or (b) the Settlement Stipulation is no longer in effect.**

**OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE IX OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, DISCHARGE, INJUNCTION AND RELATED PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**<u>Item 4</u>. Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

g) it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, the Beneficial Holder Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 10 Existing PHI Interests listed in Item 2 above;

h) it has received a completed and signed Beneficial Holder Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

i) it is either the registered Holder of all Class 10 Existing PHI Interests listed in Item 2 above being voted, or it has been authorized by each Beneficial Holder of Class 10 Existing PHI Interests listed in Item 2 above to vote on the Plan;

j) no other Master Ballots with respect to the same Class 10 Existing PHI Interests identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such Interests, then any such earlier Master Ballots are hereby revoked;

k) it has properly disclosed: (i) the number of Beneficial Holder of Class 10 Existing PHI Interests who completed the Beneficial Holder Ballots; (ii) the respective amounts of the Class 10 Existing PHI Interests owned, as the case may be, by each Beneficial Holder of Class 10 Existing PHI Interests who completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder of Class 10 Existing PHI Interests' respective vote concerning the Plan; (iv) each such Beneficial Holder of Class 10 Existing PHI Interests' certification as to other Class 10 Existing PHI Interests voted; and (v) the customer account or other identification number for each such Beneficial Holder of Class 10 Existing PHI Interests; and

l) it will maintain ballots and evidence of separate transactions returned by Beneficial Holder of Class 10 Existing PHI Interests (whether properly completed or defective) for at least one (1) year after the Effective Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtors, if so ordered.

Name of Nominee: _____
(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Nominee (if applicable):

_____
(Print or Type)

_____

Signature: _____

Name of Signatory: _____

Title: _____

Address: _____

_____

_____

Date Completed: _____

Email Address: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* IN THE ENVELOPE
PROVIDED VIA FIRST CLASS MAIL, OVERNIGHT COURIER, HAND DELIVERY,
OR VIA ELECTRONIC MAIL SERVICE TO:**

**PHI Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street (Park Avenue), Suite 1440
New York, NY 10165
phiballots@primeclerk.com**

**IF THE BALLOTING AGENT DOES NOT
*ACTUALLY RECEIVE* THIS CLASS 5 MASTER BALLOT
ON OR BEFORE JULY 19, 2019, AT 5:00 P.M. (CDT) (AND IF THE VOTING
DEADLINE IS NOT EXTENDED), THE VOTES TRANSMITTED
BY THIS CLASS 5 MASTER BALLOT MAY BE COUNTED TOWARD
CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

| Class 10 — Existing PHI Interests |
|---|

## INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Master Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Master Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims that votes on the Plan and at least two-thirds in amount of the Interests in each class of Interests voting on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  You should immediately distribute the Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Class 10 Existing PHI Interests and take any action required to enable each such Beneficial Holder to vote timely the Interests that it holds.  You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices.  You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.  Any Beneficial Holder Ballot returned to you by a Beneficial Holder of a Class 10 Existing PHI Interest shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Balloting Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **July 19, 2019, at 5:00 p.m. (CDT)**, or otherwise validate the Master Ballot in a manner acceptable to the Balloting Agent.

4.  If you are transmitting the votes of any Beneficial Holder of a Class 10 Existing PHI Interest other than yourself, you may either:

    (c) **"Pre-validate" the individual Class 10 Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class 10 Existing PHI Interest for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Balloting Agent in the return envelope to be provided in the Solicitation Package.  A Nominee "pre-validates" a Beneficial Holder's Ballot by signing the Beneficial Holder Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class 10 Existing PHI Interest held by the Nominee for such Beneficial Holder; and then forwarding the Beneficial Holder Ballot together with the Solicitation Package to the Beneficial Holder.  The Beneficial Holder**

EAST\166124667

**then completes the information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to the Balloting Agent. A list of the Beneficial Holders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; or**

(d) **Within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 10 Existing PHI Interest for voting along with a return envelope provided by and addressed to the Nominee, with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective owners on a Master Ballot that will be provided to the Nominee separately by the Balloting Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Balloting Agent. The Nominee should advise the Beneficial Holder to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Balloting Agent so that the Master Ballot is actually received by the Balloting Agent on or before the Voting Deadline.**

5. With regard to any Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Balloting Agent by the Voting Deadline; and (d) retain such Beneficial Holder Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court.

6. The Master Ballot *must* be returned to the Balloting Agent so as to be *actually received* by the Balloting Agent on or before the Voting Deadline. **The Voting Deadline is July 19, 2019, at 5:00 p.m. (CDT).**

7. If a Master Ballot is received *after* the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors. Additionally, **the following Master Ballots will *not* be counted:**

(h) **any Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;**

(i) **any Master Ballot cast by a Party that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan;**

(j) **any Master Ballot sent by facsimile or any electronic means other than electronic mail;**

(k) **any unsigned Master Ballot;**

(l) **any Master Ballot that does not contain an original signature; *provided, however*, that any Master Ballot submitted via electronic mail shall be deemed to contain an original signature;**

9

> **(m) any Master Ballot not marked to accept or reject the Plan; and**
> **(n) any Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.**

8.  The method of delivery of Master Ballots to the Balloting Agent is at the election and risk of each Nominee of a Class 10 Existing PHI Interest. Except as otherwise provided herein, such delivery will be deemed made only when the Balloting Agent *actually receives* the originally executed Master Ballot. In all cases, Beneficial Holders and Nominees should allow sufficient time to assure timely delivery.

9.  If a Beneficial Holder or Nominee holds a Claim or Interest in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Beneficial Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

10. If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Holder Ballot belonging to a Beneficial Holder of a Claim or Interest prior to the Voting Deadline, the latest, timely received, and properly completed Master Ballot will supersede and revoke any earlier received Master Ballots.

11. The Master Ballot does ***not*** constitute, and shall not be deemed to be, (a) a Proof of Claim or Interest or (b) an assertion or admission of a Claim or Interest.

12. **Please be sure to sign and date the Master Ballot.** You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Balloting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13. If you are both the Nominee and the Beneficial Holder of any of the Class 10 Existing PHI Interest and you wish to vote such Class 10 Existing PHI Interest, you may return a Beneficial Holder Ballot or Master Ballot for such Class 10 Existing PHI Interest and you must vote your entire Class 10 Existing PHI Interest to either to accept or reject the Plan and may not split your vote. Accordingly, a Beneficial Holder Ballot, other than a Master Ballot with the votes of multiple Beneficial Holders, which partially rejects and partially accepts the Plan will not be counted.

14. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims or Interests held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim or Interest in such Class, and all votes related to such Claim or Interest will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims or Interests in a particular Class, these Claims or Interests will not be aggregated and will not be treated as if such creditor held one Claim or Interest in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

EAST\166124667

15. The following additional rules shall apply to Master Ballots:

(f) votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class 10 Existing PHI Interests as of the Voting Record Date, as evidenced by the record and depository listings;

(g) votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Holder Ballots, will not be counted in excess of the record amount of the Class 10 Existing PHI Interests held by such Nominee;

(h) to the extent that conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Nominee;

(i) to the extent that over-votes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the over-vote, but only to the extent of the Nominee's position in Class 10 Existing PHI Interests; and

(j) for purposes of tabulating votes, each Holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Balloting Agent may be asked to adjust such principal amount to reflect the Claim or Interest amount.

**PLEASE MAIL YOUR MASTER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT THE FOLLOWING NUMBER:**

**US/CANADA TOLL FREE: (844) 216-8745**

**INTERNATIONAL: (347) 761-3249**

**OR EMAIL PHIBALLOTS@PRIMECLERK.COM.**

---

**IF THE BALLOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS JULY 19, 2019, AT 5:00 P.M. (CDT) (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CLASS 10 BENEFICIAL HOLDER BALLOT FOR EXISTING PHI INTERESTS TO**
**ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 19, 2019 AT 5:00 P.M. (CDT).**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**

**IF, HOWEVER, YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE TO CAST YOUR VOTE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE AND TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH MASTER BALLOT MUST BE RETURNED TO THE BALLOTING AGENT BY THE VOTING DEADLINE IN ORDER FOR YOUR VOTE TO BE COUNTED.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 18, 2019 [Docket No. 687] (as may be amended, modified, and/or supplemented, the "Plan")[2], submitted by the above-captioned debtors and debtors in possession (the "Debtors") and described in the related *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may be amended, modified, and/or supplemented, the "Disclosure Statement"), approved by order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") on [•], 2019 [Docket No. •] (the "Disclosure Statement

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2]     Capitalized terms used herein or in the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Class 10 ballot for Beneficial Holders[3] (the "Class 10 Beneficial Holder Ballot") because you are a Beneficial Holder of an Existing PHI Interest in Class 10 (the "Class 10 Existing PHI Interests") as of June 18, 2019 (or the date that is the first day of the Disclosure Statement Hearing) (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Class 10 Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), in accordance with the instructions provided by your Nominee, who will then submit a master ballot (the "Master Ballot") on behalf of the Beneficial Holders of Class 10 Existing PHI Interests.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 10 Beneficial Holder Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee from the Bankruptcy Court's website, http://www.txnb.uscourts.gov; or (b) **at no charge** from Prime Clerk LLC (the "Balloting Agent") by, (i) accessing the Debtors' restructuring website at https://cases.primeclerk.com/phi/, (ii) by contacting the Claims Agent at the following address, telephone number, or email address: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (844) 216-8745 (domestic); (347) 761-3249 (international); phiballots@primeclerk.com.

This Class 10 Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 10 Beneficial Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact the Balloting Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest. Your Interest has been placed in Class 10, Existing PHI Interests, under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

In order for your vote to count, your Nominee must receive this Class 10 Beneficial Holder Ballot in sufficient time for your Nominee to include your vote on a Master Ballot that must be received by the Balloting Agent on or before the Voting Deadline, which is **July 19, 2019, at 5:00 p.m. (CDT)**. Please allow sufficient time for your vote to be included on the Master Ballot completed by your Nominee. If a Master Ballot recording your vote is not received by the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count.

---

[3]    A "Beneficial Holder" means a beneficial owner of publicly-traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees holding through the respective indenture trustee.

**Item 1.** Amount of Interest.

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder of Existing PHI Interest in Class 10 in the following aggregate unpaid principal amount (insert amount in box below, unless otherwise completed by your Nominee):

$\qquad$ $_____$

**Item 2.** Vote on Plan.

The Beneficial Holder of the Class 10 Existing PHI Interest against the Debtor(s) set forth in Item 1 votes to (please check <u>one</u>):

☐   **ACCEPT** (vote FOR) the Plan          ☐   **REJECT** (vote AGAINST) the Plan

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.</u>**

**Item 3.** Important information regarding the Third Party Release.

<u>Article IX.B.2 of the Plan contains the releases by Non-Debtor Releasing Parties</u>:

Except as otherwise expressly provided in this Plan, the Settlement Stipulation and the Equity Committee Settlement Stipulation, effective as of the Effective Date, to the fullest extent permitted by applicable law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party (together with the Debtor Releasing Parties, the "<u>Releasing Parties</u>") will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to each of the Released Parties (and each such Released Party so released shall be deemed forever released, waived and discharged by the Non-Debtor Releasing Parties) (the "<u>Third Party Release</u>") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the Disclosure Statement, this Plan, the Settlement Stipulation, the Equity Committee Settlement Stipulation and the Restructuring Documents, (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan,

14

(iii) the business or contractual arrangements between any Debtor and any Released Parties, (iv) the negotiation, formulation or preparation of this Plan, the Disclosure Statement, the Settlement Stipulation, the Equity Committee Settlement Stipulation, the Restructuring Documents, or related agreements, instruments or other documents, (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale or rescission of the purchase or sale of any Claim or Equity Interest of the Debtors or the Reorganized Debtors, and/or (vii) the Confirmation or Consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; provided, however, that the foregoing provisions of this Third Party Release shall not operate to waive, release or otherwise impair: (i) any Causes of Action arising from willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; (ii) any of the indebtedness and obligations of the Debtors and/or the Reorganized Debtors incurred under this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; (iii) the rights of such Non-Debtor Releasing Party to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; and/or (iv) any objections with respect to any Retained Professional's final fee application or Accrued Professional Compensation Claims in these Chapter 11 Cases.

The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released under this Third Party Release.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims released by the Third Party Release; (iii) in the best interest of the Debtors and all Holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; and (v) given and made after due notice and opportunity for hearing.

Notwithstanding anything to the contrary in this Plan or otherwise, any agreement of the Creditors' Committee, the Unsecured Notes Indenture Trustee, or Houlihan Lokey Capital, Inc. to not "opt out" of the voluntary releases contained in this Plan shall be immediately and automatically, without further action of any party, revoked and changed to be "opt out" in the event that either (a) the Plan has been amended, modified, or supplemented in a manner inconsistent with the Settlement Stipulation (absent the consent of each of the

**Creditors' Committee, the Unsecured Notes Indenture Trustee and Houlihan Lokey Capital, Inc.) or (b) the Settlement Stipulation is no longer in effect.**

**The Beneficial Holder of the Class 10 Existing PHI Interest set forth in Item 1 elects to:**

☐ **OPT OUT** of the Third Party Release

**Item 4. Certifications.**

By signing this Class 10 Beneficial Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a) that, as of the Voting Record Date, either: (i) the Entity is the Holder of the Existing PHI Interests being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Existing PHI Interests being voted;

(b) that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) that the Entity has cast the same vote with respect to all Existing PHI Interests in a single Class; and

(d) that no other Class 10 Beneficial Holder Ballots with respect to the amount of the Existing PHI Interests identified in Item 1 have been cast or, if any other Class 10 Beneficial Holder Ballots have been cast with respect to such Existing PHI Interests, then any such earlier Class 10 Beneficial Holder Ballots are hereby revoked.

16

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* IN THE ENVELOPE
PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS
PROVIDED BY YOUR NOMINEE.**

---

**IF THE BALLOTING AGENT DOES NOT *ACTUALLY RECEIVE* THE CLASS
10 MASTER BALLOT SUBMITTED ON YOUR BEHALF WHICH REFLECTS YOUR
VOTE ON OR BEFORE JULY 19, 2019, AT 5:00 P.M. (CDT) (AND IF THE VOTING
DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS
CLASS 10 BENEFICIAL HOLDER BALLOT MAY BE COUNTED TOWARD
CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

---

17

| Class 10 — Existing PHI Interests |
| :---: |

## INSTRUCTIONS FOR COMPLETING THIS CLASS 10 BENEFICIAL HOLDER BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Class 10 Beneficial Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 10 Beneficial Holder Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims that votes on the Plan and at least two-thirds in amount of the Interests in each class of Interests voting on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your vote is counted, you must submit your Class 10 Beneficial Holder Ballot to your Nominee so that your Nominee can submit a Master Ballot that reflects your vote so that the Master Ballot is actually received by the Balloting Agent by the Voting Deadline. You may instruct your Nominee to vote on your behalf in the Master Ballot as follows: (a) complete the Class 10 Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 10 Beneficial Holder Ballot; and (c) sign and return the Class 10 Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee. The Voting Deadline for the receipt of Master Ballots by the Balloting Agent is **July 19, 2019, at 5:00 p.m. (CDT)**. Your completed Class 10 Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Balloting Agent on or before the Voting Deadline.

4. **The following Class 10 Beneficial Holder Ballots submitted to your Nominee will *not* be counted**:

   (j) **any Class 10 Beneficial Holder Ballot that partially rejects and partially accepts the Plan;**
   (k) **Class 10 Beneficial Holder Ballots sent to the Debtors, the Debtors' agents, any indenture trustee, or the Debtors' financial or legal advisors;**
   (l) **Class 10 Beneficial Holder Ballots sent by facsimile or any electronic means other than in accordance with the instructions of your Nominee;**
   (m) **any Class 10 Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Interest;**
   (n) **any Class 10 Beneficial Holder Ballot cast by an Entity that does not hold an Interest in Class 10;**

18

       **(o) any unsigned Class 10 Beneficial Holder Ballot;**

       **(p) any Class 10 Beneficial Holder Ballot submitted by a Holder not entitled to vote pursuant to the Plan;**

       **(q) any non-original Class 10 Beneficial Holder Ballot; and/or**

       **(r) any Class 10 Beneficial Holder Ballot not marked to accept or reject the Plan or any Class 10 Beneficial Holder Ballot marked both to accept and reject the Plan.**

5. If your Class 10 Beneficial Holder Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtors determine otherwise. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery of your Class 10 Beneficial Holder Ballot to your Nominee. No Class 10 Beneficial Holder Ballot should be sent to any of the Debtors, the Debtors' agents, the Debtors' financial or legal advisors, and if so sent will not be counted.

6. If you deliver multiple Class 10 Beneficial Holder Ballots to the Nominee with respect to the same Interest prior to the Voting Deadline, the last received valid Class 10 Beneficial Holder Ballot timely received will supersede and revoke any earlier received Class 10 Beneficial Holder Ballots.

7. You must vote all of your Interests within Class 10 either to accept or reject the Plan and may **not** split your vote. Further, if a Holder has multiple Interests within Class 10, the Debtors may, in their discretion, aggregate the Interests of any particular Holder with multiple Interests within Class 10 for the purpose of counting votes.

8. This Class 10 Beneficial Holder Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or Interest or (b) an assertion or admission of a Claim or Interest.

9. **Please be sure to sign and date your Class 10 Beneficial Holder Ballot**. If you are signing a Class 10 Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Balloting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 10 Beneficial Holder Ballot.

10. If you hold Claims or Interests in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each ballot votes *only* your Claims or Interests indicated on that ballot, so please complete and return each ballot that you receive.

11. The Class 10 Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims and Interests should not surrender certificates or instruments representing or evidencing their Claims or Interests, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a ballot.

**PLEASE MAIL YOUR MASTER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CALL THE RESTRUCTURING HOTLINE AT THE FOLLOWING NUMBER:**

**US/CANADA TOLL FREE: (844) 216-8745**

**INTERNATIONAL: (347) 761-3249**

**OR EMAIL PHIBALLOTS@PRIMECLERK.COM.**

---

**IF THE BALLOTING AGENT DOES NOT *ACTUALLY RECEIVE* THE MASTER
BALLOT ON OR BEFORE JULY 19, 2019, AT 5:00 P.M. (CDT), AND IF THE VOTING
DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 5
BENEFICIAL HOLDER BALLOT MAY BE COUNTED TOWARD CONFIRMATION
OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

---

EAST\166124667

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[4] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CLASS 10 REGISTERED HOLDER BALLOT FOR EXISTING PHI INTERESTS TO
ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 19, 2019 AT
5:00 P.M. (CDT).**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER
TO BE COUNTED.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 18, 2019 [Docket No. 687] (as may be amended, modified, and/or supplemented, the "Plan")[5], submitted by the above-captioned debtors and debtors in possession (the "Debtors") and described in the related *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (as may be amended, modified, and/or supplemented, the "Disclosure Statement"), approved by order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") on [●], 2019 [Docket No. ●] (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Class 10 ballot for registered Holders (the "Class 10 Registered Holder Ballot") because you are a Holder of an Existing PHI Interest in Class 10 as of June 18, 2019 (or the date that is the first day of the Disclosure Statement Hearing) (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 10 Registered Holder Ballot (as well as

---

[4]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[5]     Capitalized terms used herein or in the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee from the Bankruptcy Court's website, http://www.txnb.uscourts.gov; or (b) **at no charge** from Prime Clerk LLC (the "<u>Balloting Agent</u>") by, (i) accessing the Debtors' restructuring website at https://cases.primeclerk.com/phi/, (ii) by contacting the Claims Agent at the following address, telephone number, or email address: PHI Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (844) 216-8745 (domestic); (347) 761-3249 (international); phiballots@primeclerk.com.

This Class 10 Registered Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 10 Registered Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact the Balloting Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest. Your Interest has been placed in Class 10, Existing PHI Interests, under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

<u>**Item 1**</u>. **Amount of Interest.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Existing PHI Interest in Class 10 in the following aggregate amount (insert amount in box below):

$_____

**Item 2**. Vote on Plan.

The Holder of the Class 10 Existing PHI Interest against the Debtor(s) set forth in Item 1 votes to (please check <u>one</u>):

| | | | |
|---|---|---|---|
| ☐ | **ACCEPT** (vote FOR) the Plan | ☐ | **REJECT** (vote AGAINST) the Plan |

> **<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.</u>**

**Item 3**. Important information regarding the Third Party Release.

**<u>Article IX.B.2 of the Plan contains the releases by Non-Debtor Releasing Parties</u>:**

Except as otherwise expressly provided in this Plan, the Settlement Stipulation and the Equity Committee Settlement Stipulation, effective as of the Effective Date, to the fullest extent permitted by applicable law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party (together with the Debtor Releasing Parties, the "<u>Releasing Parties</u>") will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to each of the Released Parties (and each such Released Party so released shall be deemed forever released, waived and discharged by the Non-Debtor Releasing Parties) (the "<u>Third Party Release</u>") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the Disclosure Statement, this Plan, the Settlement Stipulation, the Equity Committee Settlement Stipulation and the Restructuring Documents, (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, (iii) the business or contractual arrangements between any Debtor and any Released Parties, (iv) the negotiation, formulation or preparation of this Plan, the Disclosure Statement, the Settlement Stipulation, the Equity Committee Settlement Stipulation, the Restructuring Documents, or related agreements, instruments or other documents, (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale or rescission of the purchase or sale of any Claim or Equity Interest of the Debtors or the Reorganized Debtors, and/or (vii) the Confirmation or Consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; <u>provided</u>, <u>however</u>, that the foregoing provisions of this Third Party Release shall

23

**not operate to waive, release or otherwise impair: (i) any Causes of Action arising from willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; (ii) any of the indebtedness and obligations of the Debtors and/or the Reorganized Debtors incurred under this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; (iii) the rights of such Non-Debtor Releasing Party to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed under this Plan or assumed under Final Order of the Bankruptcy Court; and/or (iv) any objections with respect to any Retained Professional's final fee application or Accrued Professional Compensation Claims in these Chapter 11 Cases.**

**The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released under this Third Party Release.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims released by the Third Party Release; (iii) in the best interest of the Debtors and all Holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; and (v) given and made after due notice and opportunity for hearing.**

**Notwithstanding anything to the contrary in this Plan or otherwise, any agreement of the Creditors' Committee, the Unsecured Notes Indenture Trustee, or Houlihan Lokey Capital, Inc. to not "opt out" of the voluntary releases contained in this Plan shall be immediately and automatically, without further action of any party, revoked and changed to be "opt out" in the event that either (a) the Plan has been amended, modified, or supplemented in a manner inconsistent with the Settlement Stipulation (absent the consent of each of the Creditors' Committee, the Unsecured Notes Indenture Trustee and Houlihan Lokey Capital, Inc.) or (b) the Settlement Stipulation is no longer in effect.**

    **The Registered Holder of the Class 10 Existing PHI Interest set forth in Item 1 elects to:**

        ☐ **OPT OUT** of the Third Party Release

**Item 4**. **Certifications.**

By signing this Class 10 Registered Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(e) that, as of the Voting Record Date, either:  (i) the Entity is the Holder of the Existing PHI Interests being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Existing PHI Interests being voted;

(f) that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(g) that the Entity has cast the same vote with respect to all Existing PHI Interests in a single Class; and

(h) that no other Class 10 Registered Holder Ballots with respect to the amount of the Existing PHI Interests identified in Item 1 have been cast or, if any other Class 10 Registered Holder Ballots have been cast with respect to such Existing PHI Interests, then any such earlier Class 10 Registered Holder Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* IN THE ENVELOPE
PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS
PROVIDED HEREIN.**

**IF THE BALLOTING AGENT DOES NOT *ACTUALLY RECEIVE* THE CLASS
10 REGISTERED HOLDER BALLOT ON OR BEFORE JULY 19, 2019, AT 5:00 P.M.
(CDT) (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE
TRANSMITTED BY THIS CLASS 10 REGISTERED HOLDER BALLOT MAY BE
COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION
OF THE DEBTORS.**

EAST\166124667

| Class 10 — Existing PHI Interests |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS CLASS 10
## REGISTERED HOLDER BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Class 10 Registered Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 10 Registered Holder Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims that votes on the Plan and at least two-thirds in amount of the Interests in each class of Interests voting on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Prime Clerk LLC (the "Claims Agent") by **ONLY ONE** of the following approved return methods:

---

By first class mail, overnight courier or hand delivery:

**PHI Ballot Processing**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street (Park Avenue), Suite 1440**
**New York, NY 10165**

---

By electronic, online submission:

Please visit https://cases.primeclerk.com/phi/. Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#: _____**

---

27

> Ballots submitted by facsimile or email will not be counted.

**Ballots must be *received* by the Claims Agent on or before July 19, 2019 at 5:00 p.m. (CDT) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion. An envelope addressed to the Claims Agent is enclosed for your convenience (which address may differ from the address provided in the box above). Ballots submitted by facsimile or email will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

4. **The following Class 10 Registered Holder Ballots will *not* be counted:**

   (a) **any Class 10 Registered Holder Ballot that partially rejects and partially accepts the Plan;**
   (b) **Class 10 Registered Holder Ballots sent to the Debtors, the Debtors' agents, any indenture trustee, or the Debtors' financial or legal advisors;**
   (c) **Class 10 Registered Holder Ballots sent by facsimile or any electronic means other than in accordance with the instructions of your Nominee;**
   (d) **any Class 10 Registered Holder Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Interest;**
   (e) **any Class 10 Registered Holder Ballot cast by an Entity that does not hold an Interest in Class 10;**
   (f) **any unsigned Class 10 Registered Holder Ballot;**
   (g) **any Class 10 Registered Holder Ballot submitted by a Holder not entitled to vote pursuant to the Plan;**
   (h) **any non-original Class 10 Registered Holder Ballot; and/or**
   (i) **any Class 10 Registered Holder Ballot not marked to accept or reject the Plan or any Class 10 Registered Holder Ballot marked both to accept and reject the Plan.**

5. The method of delivery of Class 10 Registered Holder Ballot to the Balloting Agent is at the election and risk of each Holder of Existing PHI Interests. Except as otherwise provided herein, such delivery will be deemed made only when the Balloting Agent *actually receives* the originally executed Class 10 Registered Holder Ballot. In all cases, Holders should allow sufficient time to ensure timely deliver.

6. If multiple Class 10 Registered Holder Ballots are received from the same Holder of Existing PHI Interests with respect to the same Interest prior to the Voting Deadline, the last received valid Class 10 Registered Holder Ballot timely received will supersede and revoke any earlier received Class 10 Registered Holder Ballots.

7. You must vote all of your Interests within Class 10 either to accept or reject the Plan and may **not** split your vote. Further, if a Holder has multiple Interests within Class 10, the Debtors may, in their discretion, aggregate the Interests of any particular Holder with multiple Interests within Class 10 for the purpose of counting votes.

EAST\166124667

8. This Class 10 Registered Holder Ballot does **not** constitute, and shall not be deemed to be, (a) a Proof of Claim or Interest or (b) an assertion or admission of a Claim or Interest.

9. **Please be sure to sign and date your Class 10 Registered Holder Ballot**. If you are signing a Class 10 Registered Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Balloting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 10 Registered Holder Ballot.

10. If you hold Claims or Interests in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each ballot votes **only** your Claims or Interests indicated on that ballot, so please complete and return each ballot that you receive.

11. The Class 10 Registered Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims and Interests should not surrender certificates or instruments representing or evidencing their Claims or Interests, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a ballot.

**PLEASE MAIL YOUR CLASS 10 REGISTERED HOLDER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT THE FOLLOWING NUMBER:**

**US/CANADA TOLL FREE: (844) 216-8745**

**INTERNATIONAL: (347) 761-3249**

**OR EMAIL PHIBALLOTS@PRIMECLERK.COM.**

---

**IF THE BALLOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE JULY 19, 2019, AT 5:00 P.M. (CDT), AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 10 REGISTERED HOLDER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

---

**<u>EXHIBIT 2-A TO DISCLOSURE STATEMENT ORDER</u>**

**Non-Voting Notice**
**(Unimpaired and Deemed to Accept the Plan)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**NOTICE OF UNIMPAIRED STATUS UNDER DEBTORS'
CHAPTER 11 PLAN OF REORGANIZATION**

On [●], 2019, the Honorable Harlin D. Hale, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Texas (the "Court") entered the *Order (I) Approving Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Plan Confirmation Hearing* [Docket No. ●] (the "Disclosure Statement Order").

Among other things, the Disclosure Statement Order approved the *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (the "Disclosure Statement") filed by the Debtors. You are being provided this *Notice of Unimpaired Status Under Debtors' Chapter 11 Plan of Reorganization* (the "Notice") with respect to the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 687] (the "Plan").[2]

UNDER THE TERMS OF THE PLAN, YOUR ALLOWED CLAIMS AGAINST THE DEBTORS WILL BE **SATISFIED IN FULL.** THEREFORE, YOUR CLAIMS ARE CONSIDERED UNIMPAIRED AND WILL BE UNAFFECTED BY THESE CHAPTER 11 CASES. IN ACCORDANCE WITH SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND ARE NOT ENTITLED TO VOTE ON THE PLAN. NEVERTHELESS, YOU ARE A PARTY IN INTEREST IN THE DEBTORS' CHAPTER 11 CASES. YOU ARE ENTITLED TO PARTICIPATE IN THE DEBTORS' CHAPTER 11 CASES, INCLUDING BY FILING OBJECTIONS TO CONFIRMATION OF THE PLAN BY THE OBJETION DEADLINE.

**Plan Summary**

The following is an overview of the treatment to be afforded to each class of Claims or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2] Capitalized terms not defined herein have the meanings given to them in the Plan or the Disclosure Statement.

Interests as provided under the Plan. It is provided for convenience only and is specifically qualified by the Plan itself.

| Class | Claim/Equity Interest | Status | Voting Rights | Treatment |
|-------|----------------------|--------|---------------|-----------|
| 1. | Other Secured Claims | Unimpaired | Deemed to Accept | Except to the extent that a Holder of an Allowed Other Secured Claim agrees to less favorable treatment, in exchange for full and final satisfaction, settlement, release, and discharge of each Other Secured Claim, each Holder of an Allowed Other Secured Claim shall receive the following: (i) payment in full in Cash equal to the amount of such Allowed Secured Claim; (ii) the Collateral securing its Allowed Other Secured Claim and payment of any interest required under section 506(b) of the Bankruptcy Code; (iii) Reinstatement of such Allowed Other Secured Claim; or (iv) such other treatment rendering such Allowed Other Secured Claim Unimpaired. |
| 2. | Thirty Two Claim | Impaired | Entitled to Vote | On the Effective Date, the Holder of an Allowed Thirty Two Claim shall receive, in full and final satisfaction, settlement, release, and discharge of its rights with respect to and under such Allowed Thirty Two Claim, Cash in the full amount of the Allowed Thirty Two Claim. |
| 3. | Blue Torch Claim | Unimpaired | Deemed to Accept | Except to the extent that the Holder of the Allowed Blue Torch Claim agrees to less favorable treatment, in exchange for full and final satisfaction, settlement, release, and discharge of such Blue Torch Claim, the Holder of the Allowed Blue Torch Claim shall |

2

| Class | Claim/Equity Interest | Status | Voting Rights | Treatment |
|-------|----------------------|--------|---------------|-----------|
| | | | | receive the following, as determined by the Debtors with the consent of the Creditors' Committee (which consent shall not be unreasonably withheld): (i) payment in full in Cash equal to the amount of the Allowed Blue Torch Claim; or (ii) Reinstatement of the Allowed Blue Torch Claim. |
| 4. | Aircraft Lessor Claims | Impaired | Entitled to Vote | Each Aircraft Lessor that enters into a Modified Aircraft Lease shall receive, in full and final satisfaction, settlement, release, and discharge of such Holder's rights with respect to and under such Allowed Aircraft Lessor Claim, (i) in accordance with the citizenship determination procedures set forth in Article III.C of the Plan, its Pro Rata share of the New Common Stock Distribution, or (ii) to the extent the New Common Stock may not be issued to a Holder based on the fact that such Holder is not deemed to be a U.S. Citizen in accordance with the determination procedures set forth in Article III.C of the Plan, and the number of Non-U.S. Citizen equity holders has not exceeded applicable thresholds described in Article IV.D.5 of the Plan, New Warrants in lieu of New Common Stock to the extent of such Holder's Pro Rata share of the New Common Stock Distribution. |
| 5 | General Unsecured Claims | Impaired | Entitled to Vote | Each Holder of an Allowed General Unsecured Claim shall receive, in full and final satisfaction, settlement, release, and discharge of such Holder's |

| Class | Claim/Equity Interest | Status | Voting Rights | Treatment |
|---|---|---|---|---|
| | | | | rights with respect to and under such Allowed General Unsecured Claim, (i) in accordance with the citizenship determination procedures set forth in Article III.C of the Plan, its Pro Rata share of the New Common Stock Distribution, or (ii) to the extent the New Common Stock may not be issued to a Holder based on the fact that such Holder is not deemed to be a U.S. Citizen in accordance with the determination procedures set forth in Article III.C of the Plan, and the number of Non-U.S. Citizen equity holders has not exceeded applicable thresholds described in Article IV.D.5 of the Plan, New Warrants in lieu of New Common Stock to the extent of such Holder's Pro Rata share of the New Common Stock Distribution. |
| 6 | Convenience Claims | Impaired | Entitled to Vote | Each Holder of a Convenience Claim shall receive, in full and final satisfaction, settlement, release, and discharge of such Holder's rights with respect to and under such Allowed Convenience Claim, the Convenience Claim Distribution. For the avoidance of doubt, Holders of Allowed General Unsecured Claims with a Face Amount greater than $25,000 may elect to reduce the Face Amount of their Allowed General Unsecured Claim to $25,000 by notifying the Voting and Claims Agent of such election on or prior to the Voting Deadline and receive the treatment specified in this section for Class |

4

| Class | Claim/Equity Interest | Status | Voting Rights | Treatment |
|---|---|---|---|---|
| | | | | 6 Convenience Claims. |
| 7. | Intercompany Claims | Impaired | Deemed to Reject | On the Effective Date or as soon thereafter as is practicable, the Intercompany Claims may be extinguished or compromised by distribution, contribution, or otherwise Reinstated, at the discretion of the Debtors (with the consent of the Creditors' Committee (which consent shall not be unreasonably withheld)) or the Reorganized Debtors, as applicable, on or after the Effective Date. |
| 8. | Subordinated Claims | Impaired | Entitled to Vote | Subordinated Claims are subordinated under this Plan and section 510 of the Bankruptcy Code. The Holders of Subordinated Claims shall receive the same treatment as the Holders of Class 10 Existing PHI Interests. |
| 9. | Intercompany Interests | Unimpaired | Deemed to Accept | Subject to the Restructuring Transactions, the Intercompany Interests shall remain effective, outstanding, and Reinstated on the Effective Date and shall be owned and held by Reorganized PHI as of the Effective Date. |
| 10. | Existing PHI Interests | Impaired | Entitled to Vote | Class 10 Existing PHI Interests will be canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and, pursuant to the Equity Committee Settlement Stipulation, each holder of an Allowed Class 10 Interest (other than Mr. Al A. Gonsoulin and his Affiliates, who shall be deemed to have waived any entitlement or distribution on account of any and |

EAST\166124667

| Class | Claim/Equity Interest | Status | Voting Rights | Treatment |
|-------|----------------------|--------|---------------|-----------|
| | | | | all Existing PHI Interests held or owned as of the Effective Date) shall receive (i) if Classes 4 and 5 vote in favor of the Plan its Pro Rata share of Old Equity Settlement Warrants, as more fully described in Article IV.D.6 of the Plan; or (ii) if Classes 4 and 5 vote to reject the Plan, no distribution. |

### Relevant Deadlines

The Court has set **July 30, 2019 at 9:00 a.m. (CDT)** as the date and time for hearing on confirmation of the Plan and to consider any objections to the Plan. The confirmation hearing will be held at the **United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Room 3, 1100 Commerce Street, Dallas, Texas 75242-1496.** The hearing may be adjourned from time to time without further notice other than a notice filed on the Court's docket or an announcement of the adjourned date(s) at the hearing, and, thereafter, at any adjourned hearing(s). In addition, the Plan may be modified without further notice prior to or as a result of the confirmation hearing, and, thereafter, as otherwise provided in the Bankruptcy Code.

Objections to confirmation of the Plan or proposed modifications to the Plan, if any, must (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be actually received by not later than 5:00 p.m. (CDT) on **July 19, 2019** (the "Objection Deadline") and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (a) counsel for the Debtors, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020 (Attn.: Thomas R. Califano, Esq.), 444 West Lake Street, Suite 900, Chicago, IL 60606 (Attn.: Daniel Simon, Esq., David Avraham, Esq. and Tara Nair, Esq.), 1900 North Pearl Street, Suite 2200, Dallas, TX 75201 (Attn.: Daniel Prieto, Esq.); (b) the Office of the United States Trustee for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, TX 75242 (Attn.: Meredyth A. Kippes, Esq.); (c) counsel to Blue Torch Capital LP, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn.: David M. Hillman, and Chris Theodoridis, Esq.), Reed Smith, LLP, 2501 N. Harwood Street, Suite 1700 (Attn.: Michael P. Cooley, Esq.); (d) counsel to Thirty Two, L.L.C., Zack A. Clement, PLLC, 3752 Drummond Street, Houston, TX

6

77025 (Attn.: Zach A. Clement, Esq.), Rochelle McCullough, LLC, 325 N. St. Paul Street, Suite 4500, Dallas, TX 75201 (Attn.: Michael R. Rochelle, Esq., Kevin D. McCullough, Esq. and Shannon S. Thomas, Esq.); (e) counsel to Delaware Trust Company, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas Texas 75201 (Attn.: Louis R. Strubeck, Esq.), Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn.: Mark R. Somerstein, Esq.); (f) counsel to the Official Committee of Unsecured Creditors, Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn.: Dennis Dunne, Esq., Samuel Khalil, Esq., and Nelly Almeida, Esq.), and Haynes Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219 (Attn.: Ian T. Peck, Esq., Stephen M. Pezanosky, Esq., and David Staab, Esq.); and (g) counsel for the Official Committee of Equity Security Holders, Gray Reed & McGraw LLP, 1601 Elm Street, Suite 4600, Dallas, Texas 75201 (Attn.: Jason S. Brookner, Esq., Lydia R. Webb, Esq. and Amber M. Carson, Esq.), Levene Neale Bender Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067 (Attn.: David B. Golubchik, Esq. and Eve H. Karasik, Esq.).

To the extent you also hold an Impaired Claim and therefore are entitled to vote on the Plan, the Court has fixed **July 19, 2019 at 5:00 p.m. (CDT) (the "Voting Deadline")** as the deadline for the receipt of Ballots evidencing the votes accepting or rejecting the Plan. Holders of Claims entitled to vote will receive solicitation materials separately.

## Plan Injunction, Releases, and Exculpation

The Disclosure Statement and the Plan contain various release, injunction, and exculpation provisions. You should review the Disclosure Statement and the Plan carefully. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

## Obtaining Disclosure Statement and Plan

You may obtain copies of pleadings filed in these chapter 11 cases without charge at the Debtors' case information website, located at https://cases.primeclerk.com/phi/.

[*Remainder of Page Intentionally Left Blank*]

Dated: _____, 2019
      Dallas, Texas

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Daniel Prieto*                     
Daniel Prieto, State Bar No. 24048744
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: (214) 743-4500
Fax: (214) 743-4545
Email: dan.prieto@dlapiper.com

-and-

Thomas R. Califano (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
Email: thomas.califano@dlapiper.com

-and-

Daniel M. Simon (admitted *pro hac vice*)
David Avraham (admitted *pro hac vice*)
Tara Nair (admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: (312) 368-4000
Fax:  (312) 236-7516
Email: daniel.simon@dlapiper.com
        david.avraham@dlapiper.com
        tara.nair@dlapiper.com

*Counsel for the Debtors*

## EXHIBIT 2-B TO DISCLOSURE STATEMENT ORDER

**Non-Voting Notice**
**(Impaired and Deemed to Reject the Plan)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

## NOTICE OF FULLY IMPAIRED STATUS UNDER DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION

On [●], 2019, the Honorable Harlin D. Hale, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Texas (the "Court") entered the *Order (I) Approving Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Plan Confirmation Hearing* [Docket No. ●] (the "Disclosure Statement Order").

Among other things, the Disclosure Statement Order approved the *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (the "Disclosure Statement") filed by the Debtors. You are being provided this *Notice of Fully Impaired Status Under Debtors' Chapter 11 Plan of Reorganization* (the "Notice") with respect to the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 687] (the "Plan").[2]

> **YOU ARE RECEIVING THIS NOTICE BECAUSE UNDER THE TERMS OF THE PLAN YOU ARE THE HOLDER OF A CLAIM AGAINST, OR INTEREST IN, THE DEBTORS AND ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM OR INTEREST. IF THE PLAN IS CONFIRMED BY THE COURT, YOUR CLAIMS OR INTERESTS WILL BE CANCELED OR OTHERWISE TERMINATED IN ACCORDANCE WITH THE PLAN AS TO THE DEBTORS AND IN ACCORDANCE WITH SECTION 1126(G) OF THE BANKRUPTCY CODE YOU ARE DEEMED TO HAVE REJECTED THE PLAN AND ARE NOT ENTITLED TO VOTE ON THE PLAN. NEVERTHELESS, YOU ARE A PARTY IN INTEREST IN THE DEBTORS' CHAPTER 11 CASES. YOU ARE ENTITLED TO PARTICIPATE IN THE DEBTORS' CHAPTER 11 CASES, INCLUDING BY FILING OBJECTIONS TO CONFIRMATION OF THE PLAN BY THE OBJECTION DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2] Capitalized terms not defined herein have the meanings given to them in the Plan or the Disclosure Statement.

**Plan Summary**

The following is an overview of the treatment to be afforded to each class of Claims or Interests as provided under the Plan. It is provided for convenience only and is specifically qualified by the Plan itself.

| Class | Claim/Equity Interest | Status | Voting Rights | Treatment |
|---|---|---|---|---|
| 1. | Other Secured Claims | Unimpaired | Deemed to Accept | Except to the extent that a Holder of an Allowed Other Secured Claim agrees to less favorable treatment, in exchange for full and final satisfaction, settlement, release, and discharge of each Other Secured Claim, each Holder of an Allowed Other Secured Claim shall receive the following: (i) payment in full in Cash equal to the amount of such Allowed Secured Claim; (ii) the Collateral securing its Allowed Other Secured Claim and payment of any interest required under section 506(b) of the Bankruptcy Code; (iii) Reinstatement of such Allowed Other Secured Claim; or (iv) such other treatment rendering such Allowed Other Secured Claim Unimpaired. |
| 2. | Thirty Two Claim | Impaired | Entitled to Vote | On the Effective Date, the Holder of an Allowed Thirty Two Claim shall receive, in full and final satisfaction, settlement, release, and discharge of its rights with respect to and under such Allowed Thirty Two Claim, Cash in the full amount of the Allowed Thirty Two Claim. |
| 3. | Blue Torch Claim | Unimpaired | Deemed to Accept | Except to the extent that the Holder of the Allowed Blue Torch Claim agrees to less favorable treatment, in exchange for full and final satisfaction, settlement, |

| Class | Claim/Equity Interest | Status | Voting Rights | Treatment |
|---|---|---|---|---|
| | | | | release, and discharge of such Blue Torch Claim, the Holder of the Allowed Blue Torch Claim shall receive the following, as determined by the Debtors with the consent of the Creditors' Committee (which consent shall not be unreasonably withheld): (i) payment in full in Cash equal to the amount of the Allowed Blue Torch Claim; or (ii) Reinstatement of the Allowed Blue Torch Claim. |
| 4. | Aircraft Lessor Claims | Impaired | Entitled to Vote | Each Aircraft Lessor that enters into a Modified Aircraft Lease shall receive, in full and final satisfaction, settlement, release, and discharge of such Holder's rights with respect to and under such Allowed Aircraft Lessor Claim, (i) in accordance with the citizenship determination procedures set forth in Article III.C of the Plan, its Pro Rata share of the New Common Stock Distribution, or (ii) to the extent the New Common Stock may not be issued to a Holder based on the fact that such Holder is not deemed to be a U.S. Citizen in accordance with the determination procedures set forth in Article III.C of the Plan, and the number of Non-U.S. Citizen equity holders has not exceeded applicable thresholds described in Article IV.D.5 of the Plan, New Warrants in lieu of New Common Stock to the extent of such Holder's Pro Rata share of the New Common Stock Distribution. |
| 5 | General Unsecured Claims | Impaired | Entitled to Vote | Each Holder of an Allowed General Unsecured Claim shall |

| Class | Claim/Equity Interest | Status | Voting Rights | Treatment |
|---|---|---|---|---|
| | | | | receive, in full and final satisfaction, settlement, release, and discharge of such Holder's rights with respect to and under such Allowed General Unsecured Claim, (i) in accordance with the citizenship determination procedures set forth in Article III.C of the Plan, its Pro Rata share of the New Common Stock Distribution, or (ii) to the extent the New Common Stock may not be issued to a Holder based on the fact that such Holder is not deemed to be a U.S. Citizen in accordance with the determination procedures set forth in Article III.C of the Plan, and the number of Non-U.S. Citizen equity holders has not exceeded applicable thresholds described in Article IV.D.5 of the Plan, New Warrants in lieu of New Common Stock to the extent of such Holder's Pro Rata share of the New Common Stock Distribution. |
| 6 | Convenience Claims | Impaired | Entitled to Vote | Each Holder of a Convenience Claim shall receive, in full and final satisfaction, settlement, release, and discharge of such Holder's rights with respect to and under such Allowed Convenience Claim, the Convenience Claim Distribution. For the avoidance of doubt, Holders of Allowed General Unsecured Claims with a Face Amount greater than $25,000 may elect to reduce the Face Amount of their Allowed General Unsecured Claim to $25,000 by notifying the Voting and Claims Agent of such election on or prior to the Voting Deadline |

| Class | Claim/Equity Interest | Status | Voting Rights | Treatment |
|---|---|---|---|---|
| | | | | and receive the treatment specified in this section for Class 6 Convenience Claims. |
| 7. | Intercompany Claims | Impaired | Deemed to Reject | On the Effective Date or as soon thereafter as is practicable, the Intercompany Claims may be extinguished or compromised by distribution, contribution, or otherwise Reinstated, at the discretion of the Debtors (with the consent of the Creditors' Committee (which consent shall not be unreasonably withheld)) or the Reorganized Debtors, as applicable, on or after the Effective Date. |
| 8. | Subordinated Claims | Impaired | Entitled to Vote | Subordinated Claims are subordinated under this Plan and section 510 of the Bankruptcy Code. The Holders of Subordinated Claims shall receive the same treatment as the Holders of Class 10 Existing PHI Interests. |
| 9. | Intercompany Interests | Unimpaired | Deemed to Accept | Subject to the Restructuring Transactions, the Intercompany Interests shall remain effective, outstanding, and Reinstated on the Effective Date and shall be owned and held by Reorganized PHI as of the Effective Date. |
| 10. | Existing PHI Interests | Impaired | Entitled to Vote | Class 10 Existing PHI Interests will be canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and, pursuant to the Equity Committee Settlement Stipulation, each holder of an Allowed Class 10 Interest (other than Mr. Al A. Gonsoulin and his Affiliates, who shall be deemed to |

| Class | Claim/Equity Interest | Status | Voting Rights | Treatment |
|-------|----------------------|--------|---------------|-----------|
|       |                      |        |               | have waived any entitlement or distribution on account of any and all Existing PHI Interests held or owned as of the Effective Date) shall receive (i) if Classes 4 and 5 vote in favor of the Plan its Pro Rata share of Old Equity Settlement Warrants, as more fully described in Article IV.D.6 of the Plan; or (ii) if Classes 4 and 5 vote to reject the Plan, no distribution. |

**Relevant Deadlines**

The Court has set **July 30, 2019 at 9:00 a.m. (CDT)** as the date and time for hearing on confirmation of the Plan and to consider any objections to the Plan. The confirmation hearing will be held at the **United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Room 3, 1100 Commerce Street, Dallas, Texas 75242-1496.** The hearing may be adjourned from time to time without further notice other than a notice filed on the Court's docket or an announcement of the adjourned date(s) at the hearing, and, thereafter, at any adjourned hearing(s). In addition, the Plan may be modified without further notice prior to or as a result of the confirmation hearing, and, thereafter, as otherwise provided in the Bankruptcy Code.

Objections to confirmation of the Plan or proposed modifications to the Plan, if any, (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be actually received by not later than 5:00 p.m. (CDT) on **July 19, 2019** (the "Objection Deadline") and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (a) counsel for the Debtors, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020 (Attn.: Thomas R. Califano, Esq.), 444 West Lake Street, Suite 900, Chicago, IL 60606 (Attn.: Daniel Simon, Esq., David Avraham, Esq. and Tara Nair, Esq.), 1900 North Pearl Street, Suite 2200, Dallas, TX 75201 (Attn.: Daniel Prieto, Esq.); (b) the Office of the United States Trustee for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, TX 75242 (Attn.: Meredyth A. Kippes, Esq.); (c) counsel to Blue Torch Capital LP, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn.: David M. Hillman, and Chris Theodoridis, Esq.),

Reed Smith, LLP, 2501 N. Harwood Street, Suite 1700 (Attn.: Michael P. Cooley, Esq.); (d) counsel to Thirty Two, L.L.C., Zack A. Clement, PLLC, 3752 Drummond Street, Houston, TX 77025 (Attn.: Zach A. Clement, Esq.), Rochelle McCullough, LLC, 325 N. St. Paul Street, Suite 4500, Dallas, TX 75201 (Attn.: Michael R. Rochelle, Esq., Kevin D. McCullough, Esq. and Shannon S. Thomas, Esq.); (e) counsel to Delaware Trust Company, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas Texas 75201 (Attn.: Louis R. Strubeck, Esq.), Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn.: Mark R. Somerstein, Esq.); (f) counsel to the Official Committee of Unsecured Creditors, Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn.: Dennis Dunne, Esq., Samuel Khalil, Esq., and Nelly Almeida, Esq.), Haynes Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219 (Attn.: Ian T. Peck, Esq. and Stephen M. Pezanosky, Esq.); and (g) counsel for the Official Committee of Equity Security Holders, Gray Reed & McGraw LLP, 1601 Elm Street, Suite 4600, Dallas, Texas 75201 (Attn.: Jason S. Brookner, Esq., Lydia R. Webb, Esq. and Amber M. Carson, Esq.), Levene Neale Bender Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067 (Attn.: David B. Golubchik, Esq. and Eve H. Karasik, Esq.).

To the extent you also hold an Impaired Claim and therefore are entitled to vote on the Plan, the Court has fixed **July 19, 2019 at 5:00 p.m. (CDT) (the "<u>Voting Deadline</u>")** as the deadline for the receipt of Ballots evidencing the votes accepting or rejecting the Plan. Holders of Claims entitled to vote will receive solicitation materials separately.

## Plan Injunction, Releases, and Exculpation

The Disclosure Statement and the Plan contain various release, injunction, and exculpation provisions. You should review the Disclosure Statement and the Plan carefully. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

## Obtaining Disclosure Statement and Plan

You may obtain copies of pleadings filed in these chapter 11 cases without charge at the Debtors' case information website, located at https://cases.primeclerk.com/phi/.

*[Remainder of Page Intentionally Left Blank]*

Dated: _____, 2019          Respectfully submitted,
   Dallas, Texas

         **DLA PIPER LLP (US)**

         */s/ Daniel Prieto*
         Daniel Prieto, State Bar No. 24048744
         1900 North Pearl Street, Suite 2200
         Dallas, Texas 75201
         Tel: (214) 743-4500
         Fax: (214) 743-4545
         Email: dan.prieto@dlapiper.com

         -and-

         Thomas R. Califano (admitted *pro hac vice*)
         1251 Avenue of the Americas
         New York, New York 10020
         Tel: (212) 335-4500
         Fax: (212) 335-4501
         Email: thomas.califano@dlapiper.com

         -and-

         Daniel M. Simon (admitted *pro hac vice*)
         David Avraham (admitted *pro hac vice*)
         Tara Nair (admitted *pro hac vice*)
         444 West Lake Street, Suite 900
         Chicago, Illinois 60606
         Tel: (312) 368-4000
         Fax:  (312) 236-7516
         Email: daniel.simon@dlapiper.com
           david.avraham@dlapiper.com
           tara.nair@dlapiper.com

         *Counsel for the Debtors*

## EXHIBIT 3 TO DISCLOSURE STATEMENT ORDER

**Confirmation Hearing Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PHI, Inc., *et al.*,[1] | § | Case No. 19-30923-hdh11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**NOTICE TO CONSIDER CONFIRMATION OF, AND DEADLINE FOR OBJECTING TO, DEBTORS' CHAPTER 11 PLAN OF REORGANIZTION**

**PLEASE TAKE NOTICE THAT** on June 18, 2019, the above-captioned debtors (collectively, the "Debtors") filed the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 687] (the "Plan") and accompanying *Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 688] (the "Disclosure Statement").[2]

**PLEASE TAKE FURTHER NOTICE THAT** on June [●], 2019, the Honorable Harlin D. Hale, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") entered the *Order (I) Approving Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (III) Establishing Vote Tabulation Procedures, (IV) Establishing Objection Deadline and Scheduling Plan Confirmation Hearing* [Docket No. ●] (the "Disclosure Statement Order").

**PLEASE TAKE FURTHER NOTICE THAT** the Court has set **July 30, 2019 at 9:00 a.m. (CDT)** as the date and time for hearing on confirmation of the Plan and to consider any objections to the Plan. The confirmation hearing will be held at the **United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Room 3, 1100 Commerce Street, Dallas, Texas 75242-1496.** The hearing may be adjourned from time to time without further notice other than a notice filed on the Court's docket or an announcement of the adjourned date(s) at the hearing, and, thereafter, at any adjourned hearing(s). In addition, the Plan may be modified without further notice prior to or as a result of the confirmation hearing, and, thereafter, as otherwise provided in the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE THAT** objections to confirmation of the Plan or proposed modifications to the Plan, if any, (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHI, Inc. (5707), PHI Air Medical, L.L.C. (4705), AM Equity Holdings, L.L.C. (0730), PHI Tech Services, Inc. (5089) and PHI Helipass, L.L.C. (4187). The corporate headquarters and the mailing address for the Debtors listed above is 2001 SE Evangeline Thruway, Lafayette, LA 70508.

[2] Capitalized terms not defined herein have the meanings given to them in the Plan or the Disclosure Statement.

particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be actually received **not later than 5:00 p.m. (CDT) on July 19, 2019 (the "Objection Deadline")** and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (a) counsel for the Debtors, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020 (Attn.: Thomas R. Califano, Esq.), 444 West Lake Street, Suite 900, Chicago, IL 60606 (Attn.: Daniel Simon, Esq., David Avraham, Esq. and Tara Nair, Esq.), 1900 North Pearl Street, Suite 2200, Dallas, TX 75201 (Attn.: Daniel Prieto, Esq.); (b) the Office of the United States Trustee for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, TX 75242 (Attn.: Meredyth A. Kippes, Esq.); (c) counsel to Blue Torch Capital LP, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn.: David M. Hillman, and Chris Theodoridis, Esq.), Reed Smith, LLP, 2501 N. Harwood Street, Suite 1700 (Attn.: Michael P. Cooley, Esq.); (d) counsel to Thirty Two, L.L.C., Zack A. Clement, PLLC, 3752 Drummond Street, Houston, TX 77025 (Attn.: Zach A. Clement, Esq.), Rochelle McCullough, LLC, 325 N. St. Paul Street, Suite 4500, Dallas, TX 75201 (Attn.: Michael R. Rochelle, Esq., Kevin D. McCullough, Esq. and Shannon S. Thomas, Esq.); (e) counsel to Delaware Trust Company, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas Texas 75201 (Attn.: Louis R. Strubeck, Esq.), Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn.: Mark R. Somerstein, Esq.); (f) counsel to the Official Committee of Unsecured Creditors, Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn.: Dennis Dunne, Esq., Samuel Khalil, Esq., and Nelly Almeida, Esq.), Haynes Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219 (Attn.: Ian T. Peck, Esq. and Stephen M. Pezanosky, Esq.); and (g) counsel for the Official Committee of Equity Security Holders, Gray Reed & McGraw LLP, 1601 Elm Street, Suite 4600, Dallas, Texas 75201 (Attn.: Jason S. Brookner, Esq., Lydia R. Webb, Esq. and Amber M. Carson, Esq.), Levene Neale Bender Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067 (Attn.: David B. Golubchik, Esq. and Eve H. Karasik, Esq.).

## Plan Injunction, Releases, and Exculpation

The Disclosure Statement and the Plan contain various release, injunction, and exculpation provisions. You should review the Disclosure Statement and the Plan carefully. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

## Obtaining Disclosure Statement and Plan

You may obtain copies of pleadings filed in these chapter 11 cases without charge at the Debtors' case information website, located at https://cases.primeclerk.com/phi/.

Dated: _____, 2019
        Dallas, Texas

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Daniel Prieto*
Daniel Prieto, State Bar No. 24048744
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: (214) 743-4500
Fax: (214) 743-4545
Email: dan.prieto@dlapiper.com

-and-

Thomas R. Califano (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
Email: thomas.califano@dlapiper.com

-and-

Daniel M. Simon (admitted *pro hac vice*)
David Avraham (admitted *pro hac vice*)
Tara Nair (admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: (312) 368-4000
Fax:  (312) 236-7516
Email: daniel.simon@dlapiper.com
        david.avraham@dlapiper.com
        tara.nair@dlapiper.com

*Counsel for the Debtors*

## EXHIBIT 4 TO DISCLOSURE STATEMENT ORDER

**Citizenship Declaration**

## CITIZENSHIP DECLARATION

For the purposes of this declaration:

i.   A U.S. Citizen Share is a share legally or beneficially owned by a U.S. citizen;

ii.   A U.S. citizen means (a) an individual who is a citizen of the U.S.; (b) a partnership in which each partner is a U.S. citizen; (c) a corporation which (i) is organized under the laws of the United States or one of its states or territories, (ii) has a U.S. citizen as its President, (iii) two-thirds or more of its board of directors and other managing officers are U.S. citizens, (iv) at least 75 percent of its voting stock is owned or controlled by U.S. citizens and (subject to the Open-Skies note below) at least 51 percent of its total equity is owned or controlled by U.S. citizens, and (v) is under the actual control of U.S. citizens.

In regard to ii above, please note:

"Partnership" includes general partnerships, limited partnerships (LPs), and limited liability companies (LLCs) whose internal governance is analogous to a partnership's governance.

"Corporation," in addition to its usual meaning, includes LLCs whose internal governance is analogous to a corporation's governance.

Open-Skies: Ownership interests held legally or beneficially by citizens of countries with which the U.S. does not have a liberal aviation trade relationship (known as an "open-skies" relationship) may not exceed 25% individually or in the aggregate.  A list of countries with which the U.S. has open-skies agreements is available at www.transportation.gov/policy/aviation-policy/open-skies-agreements-being-applied.

"Actual control" includes all forms of control, whether actual or potential and whether exercised or not exercised.

The Declaration set forth below must be completed and furnished to Prime Clerk LLC by either (i) e-mailing phideclaration@primeclerk.com or (ii) mailing to PHI, Inc., c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.  To complete this Declaration:

a.   Select one (but not more than one) of box A, box B, box C, or box D as appropriate;

b.   Sign this Declaration in the space provided; and

c.   If the person signing this declaration is a stockbroker, bank manager, legal representative or other agent for the prospective transferee, complete the Declaration of Agent on page 3 hereof.

☐      A.   I declare that I am an individual person who is a U.S. citizen and that the shares to be registered in my name will be "U.S. Citizen Shares."

☐      B.   I/We declare that I am/we are partner(s) in a partnership (as defined above) organized and existing under the laws of the United States or one

1

of its states or territories, that <u>each</u> partner in the partnership is a U.S. citizen as defined above, and that the shares to be registered in the partnership's name will be "U.S. Citizen Shares."

☐ C. We declare that we are a corporation (as defined above) which (i) is organized under the laws of the United States or one of its states or territories; (ii) has a U.S. citizen as its President; (iii) two-thirds or more of its board of directors and other managing officers are U.S. citizens; (iv) at least 75 percent of its voting stock is owned or controlled by U.S. citizens and (subject to the <u>Open-Skies</u> note above) at least 51 percent of its total equity is owned or controlled by U.S. citizens; and (v) is under the actual control of U.S. citizens (all as defined and explained above); and that the shares to be registered in the corporation's name will be "U.S. Citizen Shares."

☐ D. If I am an individual person who is not a U.S. citizen and therefore have not selected box A, above, I declare that I am a citizen of the following country: _____. If we are a partnership, corporation, LLC or any other entity (other than an individual person) that is not a U.S. citizen and therefore have not selected box B or box C, above, we declare that the ultimate beneficial ownership of the majority of the outstanding voting interest in the partnership, corporation, LLC or other entity is held by an individual citizen or citizens of the following country: _____. (If majority of such ultimate beneficial ownership is not held by an individual citizen or citizens of any one country, please include a list specifying percentage of total outstanding voting interest by country of citizenship corresponding to individuals holding ultimate beneficial ownership.) By checking this box D, I/we understand that the shares to be registered in my or the partnership's, corporation's, LLC's or other entity's name will not be "U.S. Citizen Shares."

Date: _____

*If the Declarant is an individual, complete the following:*

Surname: _____

First Name: _____

Middle Name(s): _____

*Address:*

No. and Street: _____

Town or City: _____

Post Code: _____

Country: _____

Citizenship: _____

Signature: _____


*__Note__: If the Declarant is a corporation, partnership, LLC or any entity other than an individual person, complete the following:*

Name of Entity: _____

Name of Authorized Signatory: _____

Title: _____

Signature: _____

In the case of joint shareholders, ALL must sign.  A corporation should complete the form under the hand of a duly authorized official or agent who should state his or her capacity.  Shares to be held by a nominee must be considered held by the person for whom the nominee is acting if such person is the beneficial owner of such shares or has an interest in such shares, as described above.

If this Declaration cannot otherwise be completed within 20 calendar days of receipt, this Declaration may be made by the stockbroker, bank manager, legal representative or by any other person duly authorized by Power of Attorney, in every case acting as the agent of the transferee(s). In such cases, however, the following declaration must also be made.

**DECLARATION OF AGENT:**  I/We, being the person(s) making the Declaration set out above as agent(s) for the person(s) named in the Declaration and whose name(s) is/are set out herein, represent and warrant that person(s) on whose behalf the Declaration is made is/are known to me/us and that I/we am/are duly authorized to make the said Declaration on behalf of such person(s) and that, having made reasonable inquiry and exercised reasonable diligence regarding the statements contained in such Declaration, such statements are correct to the best of my/our knowledge and belief.

Signature(s): _____

Date: _____   Organization: _____

If signed by a stockbroker, bank manager, legal representative or other individual duly authorized by Power of Attorney, give the name, address and telephone number of the person signing this form:

Full Name(s): _____

3

Organization: _____

Address: _____

Organization: _____
_____

**ADDITIONAL INFORMATION**

PHI, Inc. ("PHI") reserves the right to require a signed copy of the Power of Attorney or other documents establishing any agency relationship. PHI reserve the right to be supplied with such evidence or information as to any matters contained in this Declaration or as to any interest whatsoever held by any party. PHI will refuse to register shares if such further evidence is not provided. If you are in any doubt as to how to complete this Declaration or as to the definition of U.S. Citizen or U.S. Citizen Shares, you should consult your legal representative or other professional adviser. The registration of shares following the completion of this Declaration and, where relevant, the provision by the shareholder of such other evidence or information as PHI may have required prior to such registration is without prejudice to the ability of PHI to exercise any or all of the powers exercisable by it pursuant to the Articles of Incorporation or By-Laws of PHI. In particular, PHI has power to apply a broader definition of the term "U.S. Citizen Share" pursuant to the Articles of Incorporation or By-Laws of PHI than is applied for the purposes of this Declaration and may adopt a different form of citizenship declaration in substitution for this Declaration from time to time. Additionally, PHI has the power, in the event information is not provided, to force a sale of such shares first in order to assure that PHI is a U.S. citizen.